UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUDITH CURRAN and MICHAEL EARP, for the use and benefit of the Principal Funds, Inc. Strategic Asset Management (SAM) Balanced Portfolio, Principal Strategic Growth Portfolio, *et al.*, | Case No.  09-cv-00433-RP-CFB |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| v. | Action filed:      October 28, 2009 |
| Principal Management Corporation, Principal Global Investors, LLC and Principal Funds Distributor, Inc., | |
| Defendants. | |

Defendants Principal Management Corporation ("PMC") and Principal Funds Distributor, Inc. ("PFD") (collectively "Defendants") answer Plaintiffs' Amended Complaint ("Complaint") as follows[1]:

As to Plaintiffs' unnumbered introductory paragraphs, Defendants lack knowledge or belief sufficient to admit or deny that Plaintiffs seek the remedies set forth there.  Defendants, however, specifically deny that the Investment Company Act of 1940 ("ICA") permits the types of relief Plaintiffs allege, including rescission or confiscation of advisory or distribution fees, and further deny that Plaintiffs are due any relief under the ICA.

1.      Answering Paragraph 1, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.[2]

---

[1] Defendant Principal Global Investors, LLC ("PGI") was dismissed from the action on June 8, 2010.
[2] Defendants adopt the definitions of the capitalized terms "Subject Funds" and "Underlying Funds" set forth in the Complaint.

2.      Answering Paragraph 2, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants admit that the Court has subject matter jurisdiction over Counts I and III of the Complaint as to the Principal Sam Balanced Portfolio and the Principal SAM Strategic Growth Portfolio, but deny that the Court has subject matter jurisdiction over Plaintiffs' claims against the Underlying Funds because Plaintiffs lack standing to assert such claims.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

3.      Answering Paragraph 3, Defendants admit that venue is proper in this judicial district.

4.      Answering Paragraph 4, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants admit that a pre-suit demand is not required for an action brought under Section 36(b) of the ICA.

5.      Answering Paragraph 5, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

6.      Answering Paragraph 6, Defendants admit that Judith Curran has owned shares of Principal SAM Balanced Portfolio but Defendants are without the knowledge and information sufficient to admit or deny the rest of the allegations contained in this paragraph, and therefore deny such allegations.

7.      Answering Paragraph 7, Defendants admit that Michael Earp has owned shares of Principal SAM Strategic Growth Portfolio but Defendants are without the knowledge and information sufficient to admit or deny the rest of the allegations contained in this paragraph, and therefore deny such allegations.

ANSWER

8. Answering Paragraph 8, Defendants admit that the SAM Balanced Portfolio and the SAM Strategic Growth Portfolio are diversified portfolios of Principal Funds, Inc. (erroneously identified as "The Principal Funds, Inc."). Defendants also admit the remaining allegations contained in this paragraph.

9. Answering Paragraph 9, Defendants admit the allegations contained in this paragraph except they deny that the Principal MidCap Stock Fund is an underlying fund of the SAM Strategic Growth Portfolio as that fund no longer exists as a stand alone fund but was merged with the Principal MidCap Blend Fund.

10. Answering Paragraph 10, Defendants admit the allegations contained in this paragraph except they deny that PGF offered mutual funds, that Edge is a subsidiary of PGI, and that Edge acts as the sub-advisor to the Principal MidCap Stock Fund as that fund no longer exists as a stand alone fund but was merged with the Principal MidCap Blend Fund.  Defendants further deny that PMC and Edge are registered under the ICA.

11. Answering Paragraph 11, as to the allegations regarding PGI, Defendants aver that PGI was dismissed from the litigation.  Defendants admit that PGI is a Delaware limited liability company with its principal place of business in Des Moines, Iowa, and that PGI provides sub-advisory services to the six Underlying Funds listed in Paragraph 11 of the Complaint.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

12. Answering Paragraph 12, Defendants admit the allegations contained in this paragraph except they deny that Principal Funds Distributor, Inc.'s principal place of business is Des Moines, Iowa.

13. Answering Paragraph 13, Defendants admit that the SAM Funds are sold, advised, and managed with other funds as part of a fund family.  Defendants allege that certain management, advisory and distribution services are provided to the family of funds by Defendants, and that Plaintiff Curran has owned shares in the SAM Balanced Fund and Plaintiff Earp has owned shares in the SAM Strategic Growth Fund.  Defendants lack knowledge and

3

belief as to whether Plaintiffs are shareholders of the SAM Funds. Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

14.     Answering Paragraph 14, Defendants admit that they received compensation from the SAM Funds and the Underlying Funds pursuant to agreements providing for such compensation. Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

15.     Answering Paragraph 15, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

16.     Answering Paragraph 16, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

17.     Answering Paragraph 17, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

18.     Answering Paragraph 18, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

19.     Answering Paragraph 19, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

ANSWER

20.     Answering Paragraph 20, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

21.     Answering Paragraph 21, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

22.     Answering Paragraph 22, Defendants admit that Defendants' fund family consists of a group of related investment companies (the mutual funds themselves) that are owned by their shareholders and each governed by a board of directors.  The mutual funds contract for services including, but not necessarily limited to, distribution of their securities, custodianship of their assets, auditing, servicing shareholder accounts, portfolio management, and day-to-day operation.  Defendants deny each and every allegation contained in this paragraph not specifically admitted herein.

23.     Answering Paragraph 23, Defendants admit that the Defendants' fund family consists of a number of different mutual funds and that Defendant PMC was involved in organizing certain of these funds.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

24.     Answering Paragraph 24, Defendants admit that when a new mutual fund is initiated for which PMC serves as manager, PMC contracts to provide necessary services. Defendants admit that PFI's board of directors serves as the board of directors for each fund. Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

25.     Answering Paragraph 25, Defendants cannot admit or deny the first two sentences of this paragraph because it is unclear to which board of directors the Complaint refers. Defendants admit that the table provided in this paragraph contains accurate numerical

5

information.[3]  Defendants aver that the respective board of directors for the Subject Funds meets multiple times each year and that fees are based upon a number of factors, including an annual retainer, the number of meetings attended and expenses incurred.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

26.     Answering Paragraph 26, Defendants admit the independent directors are compensated for their services.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

27.     Answering Paragraph 27, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

28.     Answering Paragraph 28, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

29.     Answering Paragraph 29, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

30.     Answering Paragraph 30, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

---

[3] Defendants note that any admissions regarding the accuracy of numerical information alleged in the Complaint include the implicit recognition that much of the alleged numerical information has been rounded by one or more decimal places.  By admitting to the accuracy of alleged numerical information, Defendants are only admitting that the information is accurate as rounded.

ANSWER

31.     Answering Paragraph 31, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

32.     Answering Paragraph 32, Defendants deny each and every allegation contained in this paragraph.

33.     Answering Paragraph 33, the allegations in this paragraph appear to be legal conclusions or legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

34.     Answering Paragraph 34, the allegations in this paragraph appear to be legal conclusions or legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

35.     Answering Paragraph 35, the allegations in this paragraph appear to be legal conclusions or legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

36.     Answering Paragraph 36, the allegations in this paragraph appear to be legal conclusions or legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

37.     Answering Paragraph 37, the allegations in this paragraph appear to be legal conclusions or legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

ANSWER

38.     Answering Paragraph 38, Defendants aver that the basis for the fees charged is set forth in the relevant agreements under which services are provided.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

39.     Answering Paragraph 39, Defendants are informed and believe that the Morningstar Report cited by Plaintiffs commends the performance of the SAM Fund being reviewed and that the full text of the analyst report is attached as part of Defendants' pleadings in support of their Motion to Dismiss.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

40.     Answering Paragraph 40, Defendants admit that PMC has contracted with sub-advisors for both the SAM Funds and each Underlying Fund.  Defendants admit that PMC pays fees to the sub-advisors.  Defendants admit that sub-advisors include Edge, Spectrum Asset Management, American Century, Montag & Caldwell, Columbus Circle Investors, AllianceBernsteinWestwood, and Principal Real Estate Investors.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

41.     Answering Paragraph 41, Defendants admit that the SAM Balanced Portfolio and the SAM Strategic Growth Portfolio charge a fee based on the average net assets of the funds, with break points that decrease the effective fees as the average net assets increase and that the tables in Paragraph 41 set forth the fee schedules for the SAM Funds.  Defendants further admit that PMC received $13,693,000 in management fees from the SAM Balanced Portfolio for fiscal year ending October 31, 2008 and $9,988,000 in management fees from the SAM Balanced Portfolio for fiscal year ending October 31, 2009.  Defendants admit that PMC received $6,816,000 in management fees from the SAM Strategic Growth Portfolio for fiscal year ending October 31, 2008 and $4,599,000 in management fees from the SAM Strategic Growth Portfolio for fiscal year ending October 31, 2009.  Defendants admit that the SAM Balanced portfolio had approximately $3.2 billion in assets in 2008 and $3 billion in 2009.  Defendants admit that the SAM Strategic Growth portfolio had approximately $1.5 billion in

8

ANSWER

assets in 2008 and $1.4 billion in 2009.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

42.     Answering Paragraph 42, Defendants admit that Edge received a sub-advisory fee of 0.0416% of net assets from PMC.  Defendants admit that for fiscal year ending October 31, 2008 Edge received $1,835,589 for its services in connection with the SAM Balanced Portfolio.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

43.     Answering Paragraph 43, Defendants admit that PMC received $193,615,000 in advisory fees for its services with respect to the Underlying Funds for fiscal year ending October 31, 2008.  Defendants admit that PMC received $214,124,000 in aggregate fees for its advisory services with respect to the SAM Balanced Portfolio, SAM Strategic Growth Portfolio and the Underlying Funds for fiscal year ending October 31, 2008.  Defendants admit that PMC received $164,762,000 in advisory fees for its services with respect to the SAM Balanced Portfolio, SAM Strategic Growth Portfolio and the Underlying funds for fiscal year ending October 31, 2009.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

44.     Answering Paragraph 44, Defendants admit the table in Paragraph 44 sets forth the fee schedules depicted for each of the respective funds, that the LargeCap Growth Fund II is sub-advised by American Century Investment Management, Inc. and Montag & Caldwell, that the LargeCap Value Fund III is sub-advised by AllianceBernstein Investment Research and Westwood Management, Corporation, and that the remaining Underlying Funds are sub-advised by affiliates of the Defendants.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

45.     Answering Paragraph 45, Defendants admit that the tables set forth the effective fee schedule for 2008 in basis points for each of the funds labeled and that the second table shows the actual fees earned in 2008 dollars for each of those funds.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

9

ANSWER

46.     Answering Paragraph 46, Defendants admit that PMC provides the services and bears the expenses as set forth in the Management Agreements.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

47.     Answering Paragraph 47, Defendants admit that the values set forth in the tables depict the management fee schedule and actual fees for the LargeCap Value Fund III in 2008.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

48.     Answering Paragraph 48, Defendants admit that the SAM funds pay PMC a management fee and that PMC pays a portion of its management fee to Edge for sub-advisory services.  Defendants admit that PMC pays Edge 4.2 basis points as a sub-advisor.  Defendants admit that, in 2008, PMC received management fees of approximately $13.7 million and that PMC paid approximately $1.8 million to Edge for advisory services.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

49.     Answering Paragraph 49, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants otherwise deny each and every allegation contained in this paragraph.

50.     Answering Paragraph 50, Defendants deny each and every allegation contained in this paragraph.

51.     Answering Paragraph 51, Defendants deny each and every allegation contained in this paragraph.

52.     Answering Paragraph 52, Defendants admit that the Subject Funds pay distribution fees to Principal Funds Distributor, Inc. ("PFD") pursuant to agreements governing those services.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

ANSWER

53.     Answering Paragraph 53, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

54.     Answering Paragraph 54, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

55.     Answering Paragraph 55, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.  To the extent this paragraph raises allegations specific to Defendants—and in particular, the last two sentences of this paragraph— Defendants deny each and every allegation contained in this paragraph.

56.     Answering Paragraph 56, Defendants deny each and every allegation contained in this paragraph.

57.     Answering Paragraph 57, Defendants admit the allegations contained in this paragraph.

58.     Answering Paragraph 58, Defendants deny each and every allegation contained in this paragraph.

59.     Answering Paragraph 59, Defendants deny each and every allegation contained in this paragraph.

60.     Answering Paragraph 60, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

61.     Answering Paragraph 61, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

62.     Answering Paragraph 62, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

63.     Answering Paragraph 63, Defendants deny each and every allegation contained in this paragraph.

64.     Answering Paragraph 64, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

65.     Answering Paragraph 65, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

66.     Answering Paragraph 66, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

67.     Answering Paragraph 67, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

ANSWER

68.     Answering Paragraph 68, Defendants deny each and every allegation contained in this paragraph.

69.     Answering Paragraph 69, Defendants deny each and every allegation contained in this paragraph.

70.     Answering Paragraph 70, Defendants deny each and every allegation contained in this paragraph.

71.     Answering Paragraph 71, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

72.     Answering Paragraph 72, Defendants admit that investment advisory services include the buying and selling of stocks, bonds and other securities.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

73.     Answering Paragraph 73, Defendants deny each and every allegation contained in this paragraph.

74.     Answering Paragraph 74, Defendants deny each and every allegation contained in this paragraph.

75.     Answering Paragraph 75, Defendants deny each and every allegation contained in this paragraph.

76.     Answering Paragraph 76, Defendants admit that Defendant PMC provides investment advisory services to the SAM Balanced and SAM Strategic Growth Portfolios of the Principal Variable Contracts Funds, Inc. ("PVCFI") and that these funds are open-end management investment companies registered under the ICA.  Defendants further admit that Exhibit 1 represents Defendant PMC's management agreement with PVCFI.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

77.     Answering Paragraph 77, Defendants deny each and every allegation contained in this paragraph.

78.     Answering Paragraph 78, Defendants deny each and every allegation contained in this paragraph.

79.     Answering Paragraph 79, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

80.     Answering Paragraph 80, Defendants deny each and every allegation contained in this paragraph.

81.     Answering Paragraph 81, Defendants deny each and every allegation contained in this paragraph.

82.     Answering Paragraph 82, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

83.     Answering Paragraph 83, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

84.     Answering Paragraph 84, Defendants admit that Paragraph 84 sets forth the fee schedules for the respective funds.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

85.     Answering Paragraph 85, Defendants admit that Exhibits 1 and 8 are copies of management agreements for services provided to the Subject Funds and PVCFI, respectively.  Defendants further admit that Edge provides sub-advisory services to the Subject Funds and to PVCFI, and that Edge is paid 42 basis points for their services.  Defendants

otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

86.     Answering Paragraph 86, Defendants admit that the PVCFI SAM Balanced Portfolio had approximately $500 million in assets during 2008.  Defendants admit that the PVCFI SAM Strategic Growth Portfolio had approximately $93 million in assets during 2008.

87.     Answering Paragraph 87, Defendants deny each and every allegation contained in this paragraph.

88.     Answering Paragraph 88, the allegations in this paragraph appear to be extraneous legal argument not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

89.     Answering Paragraph 89, Defendants deny each and every allegation contained in this paragraph.

90.     Answering Paragraph 90, Defendants deny each and every allegation contained in this paragraph.

91.     Answering Paragraph 91, Defendants deny each and every allegation contained in this paragraph.

92.     Answering Paragraph 92, Defendants deny each and every allegation contained in this paragraph.

93.     Answering Paragraph 93, Defendants deny each and every allegation contained in this paragraph.

94.     Answering Paragraph 94, Defendants deny each and every allegation contained in this paragraph.

95.     Answering Paragraph 95, Defendants deny each and every allegation contained in this paragraph.

ANSWER

96.     Answering Paragraph 96, Defendants admit that the fees paid to Defendants are approved by the Subject Funds' boards of directors.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

97.     Answering Paragraph 97, Defendants deny each and every allegation contained in this paragraph.

98.     Answering Paragraph 98, Defendants deny each and every allegation contained in this paragraph.

99.     Answering Paragraph 99, Defendants deny each and every allegation contained in this paragraph.

100.     Answering Paragraph 100, Defendants admit that Defendants also have adopted, and the Subject Fund's directors have approved, transfer agency fees that are paid to PSI, a wholly owned subsidiary of Defendant PMC and that such services are provided at cost.  Concerning Plaintiffs' ability to determine certain facts, Defendants are without the knowledge and information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny such allegations.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

101.     Answering Paragraph 101, Defendants admit that Defendants have adopted 12b-1 distribution plans, which are reviewed annually by the Subject Funds' directors.  As to the other allegations in this paragraph, they appear to be legal conclusions that do not require an admission or denial.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

102.     Answering Paragraph 102, Defendants admit that the Subject Funds have adopted Distribution Plans that the Board has approved annually.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

103.     Answering Paragraph 103, Defendants deny each and every allegation contained in this paragraph.

ANSWER

104.     Answering Paragraph 104, Defendants deny each and every allegation contained in this paragraph.

105.     Answering Paragraph 105, Defendants admit that PFI's board of directors serves as the board of directors for each fund.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

106.     Answering Paragraph 106, Defendants admit that PFI's board of directors meets periodically during the year and that board members are compensated in part based upon the number of meetings they attend.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

107.     Answering Paragraph 107, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

108.     Answering Paragraph 108, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

109.     Answering Paragraph 109, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

110.     Answering Paragraph 110, Defendants deny each and every allegation contained in this paragraph.

111.     Answering Paragraph 111, Defendants deny each and every allegation contained in this paragraph.

112.     Answering Paragraph 112, Defendants deny each and every allegation contained in this paragraph.

113.     Answering Paragraph 113, Defendants deny each and every allegation contained in this paragraph.

114.     Answering Paragraph 114, Defendants respond to the allegations incorporated in this paragraph by repeating their responses to the respective paragraphs so incorporated.

115.     Answering Paragraph 115, Defendants deny each and every allegation contained in this paragraph.

116.     Answering Paragraph 116, Defendants deny each and every allegation contained in this paragraph.

117.     Answering Paragraph 117, Defendants are without the knowledge and information sufficient to admit or deny the allegations contained in this paragraph with respect to the relief that Plaintiffs seek, and therefore deny such allegations on that basis and further specifically deny that Plaintiffs are entitled to any relief under the ICA.

118.     Answering Paragraph 118, Defendants respond to the allegations incorporated in this paragraph by repeating their responses to the respective paragraphs so incorporated.

119.     Answering Paragraph 119, no response is required because the Court has dismissed this count of the Amended Complaint.  To the extent that a response is required, Defendants deny each and every allegation contained in this paragraph.

120.     Answering Paragraph 120, no response is required because the Court has dismissed this count of the Amended Complaint.  To the extent that a response is required, Defendants deny each and every allegation contained in this paragraph.

121.     Answering Paragraph 121, no response is required because the Court has dismissed this count of the Amended Complaint.  To the extent that a response is required, Defendants deny each and every allegation contained in this paragraph.

122.     Answering Paragraph 122, Defendants respond to the allegations incorporated in this paragraph by repeating their responses to the respective paragraphs so incorporated.

123.     Answering Paragraph 123, Defendants deny each and every allegation contained in this paragraph.

124.     Answering Paragraph 124, Defendants deny each and every allegation contained in this paragraph.

125.     Answering Paragraph 125, Defendants are without the knowledge and information sufficient to admit or deny the allegations contained in this paragraph with respect to the relief that Plaintiffs seek, and therefore deny such allegations on that basis and further specifically deny that Plaintiffs are entitled to any relief under the ICA.

126.     Defendants deny each and every allegation contained in the "WHEREFORE" clause of the Amended Complaint.

## CLAIM FOR RELIEF

To the extent that any response is required to Plaintiffs' prayer for relief and judgment, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendants allege the following separate and affirmative defenses to the Complaint, and in so doing, do not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The challenged fees are fair and not so disproportionately large in relation to the services rendered that they bear no reasonable relationship to the services rendered.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

A majority of the disinterested directors approved the challenged fees.

## FIFTH AFFIRMATIVE DEFENSE

The challenged fees were approved by PFI's board of directors in the exercise of business judgment based upon reasonable inquiry.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs, by purchasing shares of the Subject Funds and reinvesting, agreed with, accepted, endorsed and otherwise approved the level of challenged fees.  Accordingly, Plaintiffs are estopped and otherwise barred from complaining about those fees.

## SEVENTH AFFIRMATIVE DEFENSE

The 12b-1 fees, as calculated, are expressly permitted by the National Association of Securities Dealers Rule 2830 and Section 22(b) of the Investment Company Act.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to challenge 12b-1 fees paid with respect to classes of shares of their Funds other than the class of shares which they own.

## TENTH AFFIRMATIVE DEFENSE

The Investment Company Act limits recovery of any damages to those incurred during the period one year before the institution of the action.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants fully and timely disclosed all relevant information regarding the challenged advisory and distribution fees.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs knew, or with the exercise of reasonable care should have known, all of the relevant information concerning the challenged advisory and distribution fees.  In addition, they

were free at all relevant times to sell the shares they owned in the particular Funds.  Accordingly, their claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, disclosure and/or consent, ratification, unclean hands, and other related doctrines.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each and every one of the Defendants acted in good faith and did not materially assist in any violation of law or directly or indirectly induce any act or acts constituting any alleged violations or causes of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the matters now claimed by the Complaint to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, were available to the Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all the purported facts alleged in the Complaint upon which they assert liability against the Defendants.  Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or in part, is Plaintiffs' negligence and their failure to exercise reasonable care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent they were not recipients of the challenged fees, Defendants are not liable under Section 36(b)(3).

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants may have additional, as yet unidentified defenses available. Additional defenses may be revealed by further investigation or through discovery.  Accordingly, Defendants may have other affirmative defenses and thus reserve the right to assert any and all such defenses in a timely fashion after the facts to support such defenses become known to them.

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.      That judgment be entered in favor of Defendants;

2.      That Plaintiffs take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3.      For costs, attorneys' fees, expert witness fees, and court costs incurred herein; and

4.      For such other and further relief as this Court deems just and proper.


DATED:  July 8, 2010                    By:  /s/ Phillip R. Kaplan
                                        Phillip R. Kaplan

                                        Phillip R. Kaplan (*admitted pro hac vice*)
                                        O'MELVENY & MYERS LLP
                                        610 Newport Center Drive, Suite 1700
                                        Newport Beach, California 92660
                                        Telephone:  (949) 760-9600
                                        Fax:  (949) 823-6994
                                        E-mail:  pkaplan@omm.com

                                        Brian Campbell
                                        WHITFIELD & EDDY P.L.C.
                                        317 Sixth Ave., Suite 1200
                                        Des Moines, Iowa 50309
                                        Telephone:  (515) 288-6041
                                        Fax:  (515) 246-1474
                                        E-mail:   campbell@whitfieldlaw.com

                                        *Counsel for Defendants Principal Management Corporation and Principal Funds Distributor, Inc.*

NB1:799743

ANSWER