IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUDITH CURRAN and MICHAEL EARP, et al.,<br><br>            Plaintiffs,<br>vs.<br><br>Principal Management Corporation<br>and Principal Funds Distributor,<br>Inc.,<br><br>            Defendants. | NO. 4:09-cv-00433-RP-CFB<br><br><br><br><br>ORDER |

      This matter came before the Court on December 16, 2010, for a Status Conference and discovery management. Appearing were Kodi Brotherson, Tana Lin, Brian Campbell, Phillip Kaplan, Brian Neach and Linny Collins. Based upon discussions with counsel and a review of the file, IT IS ORDERED:

      1. **Case Management:** Counsel have met and conferred in order to resolve and narrow most of their discovery disputes; work in this area continues. One issue that Defendants raised in their Status Report (Clerk's No. 64) to which Plaintiffs have responded (Clerk's No. 65) is the issue of "scope of trial." The parties have reached an agreement as how to manage scope of discovery material produced for 2008, 2009 and the portion of 2010 that is relevant for Plaintiffs' damage claim in the lead case. Defendants move that the trial scheduled for September 24, 2012, should only consider the issues in the primary case, in essence staying the "anniversary case" and any subsequent "anniversary cases." Although a decision on this issue would implicate discovery management, it really is a trial management issue that should be addressed by the trial court. The trial judge will consider the issue of the scope of trial and/or bifurcation along with other pending dispositive motions.

      2. **Scope of Discovery:** The parties have agreed to limits on search terms and the scope of responses to requests for production of documents. Production of discovery material is taking place on a rolling basis, and has proceeded through the cooperation of counsel. As outlined in

the parties' status reports, Plaintiffs request a series of search terms labeling certain words or combination of words as "misconduct terms." The Court has reviewed these and finds that they are for the most part merely rude words; at this time, Plaintiffs have no basis for believing that any of these phrases have been used as any term of art, jargon or shorthand reference to any information in this case that is relevant or likely to lead to the production of admissible evidence. Defendants request a Protective Order, prohibiting search on the search terms outlined in Exhibit 1 to Plaintiffs' Status Report (Clerk's No. 65); this request is granted. This issue will be revisited at a later date should discovery indicate that there was a practice of referring to the fees that are subject to this dispute in any particularly pejorative term of art, whether or not that term involves rude words.

    3. **Status of Case:** Once the Court rules on the pending dispositive motions, the parties may submit any motions to adjust the schedule or further complete discovery management as required.

    IT IS SO ORDERED.

    Dated this 17th day of December, 2010.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE