IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JUDITH CURRAN and MICHAEL EARP, for the use and benefit of the Principal Funds, Inc. Strategic Asset Management (SAM) Balanced Portfolio, Principal Strategic Growth Portfolio, et al., | * * * * * * | 4:09-cv-00433 RP-CFB |
| Plaintiffs, | * * | |
| v. | * * | |
| PRINCIPAL MANAGEMENT CORPORATION, LLC, and PRINCIPAL FUNDS DISTRIBUTOR, INC., | * * * * | |
| Defendants. | * * * | ORDER |

Before the Court is a "Motion to Reconsider the Court's Order on Statutory Standing Regarding the Underlying Funds & Amend the Pleadings or, in the Alternative, Request for Permission for an Interlocutory Appeal," filed by Judith Curran and Michael Earp (collectively "Plaintiffs") on February 14, 2011. Clerk's No. 77. Principal Management Corporation and Principal Funds Distributor, Inc. (collectively "Defendants") filed a response on March 3, 2011. Clerk's No. 80. No reply brief is necessary. *See* L.R. 7(g). The matter is fully submitted.

## I. PROCEDURAL BACKGROUND

On January 29, 2010, Defendants filed a motion to dismiss. Clerk's No. 18. In that motion, Defendants argued, among other things, that Plaintiffs did not have a private right of action, pursuant to § 36(b) of the Investment Companies Act ("ICA"), to bring certain claims.[1]

---

[1]     Although the parties have referred to this issue as one of "statutory standing," the issue disputed by the parties is better characterized as whether or not Plaintiffs have a private right of action pursuant to § 36(b) of the ICA. *See* Clerk's No. 76 at 2–3. Indeed, as previously

Clerk's No. 22.  The Court issued an order on Defendants' motion to dismiss (hereinafter the "First Order") on June 6, 2010.  Clerk's No. 38.  In the First Order, the Court concluded that Plaintiffs did have a private right of action under § 36(b), based on the Court's initial reading of the relevant statutory definitions.  *See id*. at 8–15.  On June 30, 2010, Defendants filed a motion to reconsider the portion of the First Order that dealt with the § 36(b) issue.  Clerk's No. 43.  The Court issued an order on Defendants' motion to reconsider (hereinafter the "Second Order") on January 24, 2011.  Clerk's No. 76.  In the Second Order, the Court concluded that its previous reading of the relevant statutory definition was clearly erroneous and, therefore, granted Defendants' motion to reconsider.  *See id*. at 2.  Upon review of the relevant statutory definition, the Court concluded that Plaintiffs do not have a private right of action under § 36(b) to bring the challenged claims.  *See id*. at 7.

## II.  LAW AND ANALYSIS

In the instant motion, Plaintiffs make three separate requests.  The Court will address these requests in turn.

1.    *Reconsideration*.

First, Plaintiffs seek reconsideration of the Second Order, pursuant to Federal Rule of Civil Procedure 54(b).  *See* Mot. at 1.  However, Plaintiffs have failed to convince the Court that it made a clear error of law or an error of dispositive fact.  Thus, the Court does not agree that the Second Order was clearly erroneous or that leaving the Second Order unchanged would work a manifest injustice on Plaintiffs.  *See Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir.

---

noted by the Court, "Defendants do not dispute that Plaintiffs have satisfied the Article III standing requirements."  *Id*.

1992).  Additionally, as Defendants correctly note, many of Plaintiffs' arguments are not properly

before the Court.  *See* Defs.' Br. at 2–3.  "A motion to reconsider under Rule 54(b) . . . may not

'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not,

raised or adduced during the pendency of the motion of which reconsideration was sought.'"

*Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854–55 (S.D. Iowa 2008) (quoting

*Grozdanich v. Leisure Hills Health Ctr., Inc.*, 48 F. Supp. 2d 885, 888 (D. Minn. 1999)).

Therefore, Plaintiffs' request for reconsideration pursuant to Rule 54(b) is denied.

       2.    *Leave to amend*.

Plaintiffs also seek leave to amend their complaint, pursuant to Federal Rule of Civil

Procedure 15(a)(2), in order to reflect their new arguments regarding the § 36(b) issue.  *See* Pls.'

Br. at 2.  However, this request is not properly before the Court.  Local Rule 15 clearly states that

"[a] party moving to amend or supplement a pleading pursuant to Federal Rule of Civil

Procedure 15(a)(2) or (d) must describe in the motion the changes sought, and must

electronically attach to the motion and file under the same docket entry the proposed amended or

supplemented pleading."  In their motion, Plaintiffs have neither described the specific changes

they seek to make nor filed a proposed amended or supplemented pleading.  Therefore, the Court

cannot meaningfully evaluate Plaintiffs' request to amend.  Accordingly, Plaintiffs' request to

amend is denied.

       3.    *Permission for an interlocutory appeal*.

Finally, Plaintiffs request that the Court reissue the Second Order "to include permission

of Plaintiffs to file an interlocutory appeal" on the § 36(b) issue.  *See* Pls.' Br. at 13.  The Court

may grant permission for an interlocutory appeal if the Court believes "that such order involves a

controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).  In this case, the Court does not believe that these requirements have been met.  In particular, the Court does not agree with Plaintiffs' statement that "there clearly are substantial grounds for difference of opinion . . . given the Court's own change of view on the question." *See* Pls.' Br. at 14.  The Court did not, as Plaintiffs suggest, grant Defendants' motion to reconsider because the Court "change[d] [its] view" about the merits of the parties' arguments. *See id*.  Rather, the Court granted Defendants' motion to reconsider because the Court concluded that it had made a mistake in reading the relevant statutory definition. *See* Second Order at 2.  Once the Court read the statute correctly, the issue was neither close nor difficult. *See id*. at 4–7.  Therefore, the Court does not believe that there are any substantial grounds for difference of opinion on the § 36(b) issue.  Plaintiffs' request for permission to file an interlocutory appeal is denied.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' "Motion to Reconsider the Court's Order on Statutory Standing Regarding the Underlying Funds & Amend the Pleadings or, in the Alternative, Request for Permission for an Interlocutory Appeal" (Clerk's No. 77) is DENIED.

IT IS SO ORDERED.

Dated this ___4th___ day of March, 2011.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT

-4-