UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUDITH CURRAN and MICHAEL EARP, for the use and benefit of the Principal Funds, Inc. Strategic Asset Management (SAM) Balanced Portfolio, Principal SAM Strategic Growth Portfolio, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL MANAGEMENT CORPORATION, PRINCIPAL GLOBAL INVESTORS, LLC, and PRINCIPAL FUNDS DISTRIBUTOR, INC.<br><br>Defendants. | Case No. 4:09-cv-00433-RP-CFB<br><br>**JOINT CASE STATUS REPORT** |

On April 6, 2010, the Court entered an Order Adopting Scheduling Order and Discovery Plan ("April 6, 2010 Scheduling Order") which, *inter alia*, set a deadline of July 22, 2011 for the conclusion of fact discovery.

The parties have been working diligently to proceed with discovery in this case. Both sides have served and responded to written discovery. Defendants served a single request for production of documents. Plaintiffs have served three requests for production, conducted an agreed upon General Rule 30(b)(6) deposition which was used to help Plaintiffs narrow their document requests and determine the appropriate custodians from whom to request electronic discovery; issued third party subpoenas to the directors of the funds at issue as well as Morningstar, Inc.; and deposed one of the outside directors.

Both parties have also made substantial productions of documents. Plaintiffs have produced approximately 10,000 pages of documents, mainly consisting of publicly available information. Defendants have produced approximately 20,000 pages of documents which

consist mainly of contracts, reports such as Statements of Additional Information and Prospectuses, and the "15(c) materials" provided to the directors during the 2008 and 2009 contract renewal process.  In addition, Defendants have reviewed approximately 150,000 electronic documents so far which are potentially responsive to one or more of Plaintiffs' requests for production of documents.

The parties have been engaged in extensive negotiations over the parameters for electronically stored information ("ESI"), and the negotiation process has been a lengthy one because of the massive amount of documents involved.  As a result of the parties' initial discussions about the potential custodians and issues involved in this case, Defendants assembled and collected nearly 8 million electronic documents.  The parties have had several months of discussions about how to create a manageable universe of documents for review and production to plaintiffs.  These discussions have focused on both the universe of custodians to be included and the search terms that would be applied to the total document universe.

The parties were close to an agreement on the custodian list and search terms as of February 3, 2011.  On March 4, 2011, this Court made a ruling which eliminated the underlying funds from the case.  As a result, the parties had further discussions about how, if at all, the ESI universe would be affected by this change in the case.

On April 21, 2011, O'Melveny and Myers, Defendants' former counsel, wrote to Plaintiffs proposing custodian and search term lists that Defendants believed were more suited to the new contours of the case.  Although Plaintiffs disagreed with Defendants' proposed custodian lists and search terms, they agreed to further narrow their custodian list but requested further information supporting Defendants' claim that the February 3 custodian and search terms list was yielding more documents than justified for the scope of this case.  In early May, the

parties had further discussions regarding Plaintiffs' concerns with the modifications Defendants were requesting to the search terms, Defendants presented Plaintiffs with a revised ESI proposal, and Plaintiffs requested Defendants provide them with specific metrics so that they could independently evaluate any issues regarding the search terms.  On May 31, 2011, Defendants provided Plaintiffs metrics regarding the various ESI proposals, and those metrics showed that the parties' various proposals would have created a document universe between 345,000 (Defendants' proposal) and 1.5 million documents (Plaintiffs' proposal).  In the interim, Defendants were in the process of replacing counsel from O'Melveny and Myers with counsel from Sidley Austin LLP.

During June and July, the parties had numerous discussions (usually several times a week) in an effort to reduce the potential ESI universe to a more manageable level.  The parties participated in good faith negotiations and reached final agreement on the custodians and search terms to be applied against the ESI universe on July 22.  This agreement calls for the inclusion of 32 different custodians and applies nearly 500 search terms again the ESI database of 8 million documents.  As a result of this agreement, the parties have reduced the document universe that will need to be reviewed from 1.5 million documents to approximately 700,000 documents. Although Defendants were already reviewing a subset of these documents throughout the negotiations, the parties anticipate that at least 550,000 electronic documents (and probably more) remain to be reviewed.

Defendants are in the process of determining when they will be able to complete the review and production of the documents responsive to Plaintiffs' request and expect to have that information within the next week or so.  Thereafter, the parties will meet and confer on a revised

case scheduling proposal and move the Court for permission to amend the April 6, 2010 Scheduling Order.

Dated: July 22, 2011                                             Respectfully submitted,

| | |
|---|---|
| /s/ Tana Lin | /s/ Mark B. Blocker (with permission) |
| Lynn Lincoln Sarko | Robert Pietrzak |
| lsarko@kellerrohrback.com | rpietrzak@sidley.com |
| Michael D. Woerner | Andrew W. Stern |
| mwoerner@kellerrohrback.com | astern@sidley.com |
| Tana Lin | Sidley Austin LLP |
| tlin@kellerrohrback.com | 787 Seventh Ave. |
| Laura R. Gerber | New York, NY 10019 |
| lgerber@kellerrohrback.com | Telephone: (212) 839-5300 |
| KELLER ROHRBACK L.L.P. | Facsimile: (312) 839-5599 |
| 1201 Third Avenue, Suite 3200 | |
| Seattle, WA  98101 | Mark B. Blocker |
| Telephone:  (206) 623-1900 | mblocker@sidley.com |
| Facsimile:  (206) 623-3384 | Sarah Newman |
| | snewman@Sidley.com |
| David H. Goldman | Sidley Austin LLP |
| dgoldman@babichlaw.com | One South Dearborn St. |
| Michael J. Carroll | Chicago, IL 60603 |
| mcarroll@babichlaw.com | Telephone: (312) 853-6097 |
| Kodi A. Brotherson | Facsimile: (312) 853-7036 |
| kbrotherson@babichlaw.com | |
| BABICH, GOLDMAN, CASHATT & | Brian L. Campbell |
|   RENZO, P.C. | Campbell@whitfieldlaw.com |
| 100 Court Avenue, Suite 403 | WHITFIELD & EDDY P.L.C. |
| Des Moines, IA  50309-2200 | 317 Sixth Avenue, Suite 1200 |
| Telephone:  (515) 244-4300 | Des Moines, IA  50309-8002 |
| Facsimile:  (515) 244-2650 | Telephone:  (515) 246-5503 |
| | Facsimile:  (515) 246-1474 |
| ***Counsel for Plaintiffs*** | |
| | ***Counsel for Defendants*** |

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 22, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties so registered.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 22nd day of July, 2011.

    KELLER ROHRBACK L.L.P.

    By /s/Tana Lin
      Tana Lin
      1201 Third Avenue, Suite 3200
      Seattle, WA  98101
      Telephone:  (206) 623-1900
      Facsimile:  (206) 623-3384