**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| JUDITH CURRAN and MICHAEL EARP, for the use and benefit of the Principal Funds, Inc. Strategic Asset Management (SAM) Balanced Portfolio, Principal Strategic Growth Portfolio, *et al.*, | Case No.  09-cv-00433-RP-CFB |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND ANNIVERSARY COMPLAINT** |
| v. | |
| Principal Management Corporation and Principal Funds Distributor, Inc., | Action filed:        October 28, 2011 |
| Defendants. | |

Defendants Principal Management Corporation ("PMC") and Principal Funds Distributor, Inc. ("PFD") (collectively "Defendants") [1] : hereby answer Plaintiffs' Second Anniversary Complaint ("Complaint").  As Plaintiffs admit, this Complaint is nearly identical to the First Amended Complaint filed on January 15, 2010.  Accordingly, Defendants answer as follows

As to Plaintiffs' unnumbered introductory paragraphs, which discusses various decisions and plaintiffs' reasons for filing the Complaint, Defendants lack knowledge or belief sufficient to admit or deny Plaintiffs' reason for filing the Complaint or the remedies they are seeking.  Defendants, however, specifically deny that the Investment Company Act of 1940 ("ICA") permits the types of relief Plaintiffs allege, including damages beyond those prescribed in 15 U.S.C. § 80a-35(b)(3), rescission or confiscation of advisory or distribution fees, and further deny that Plaintiffs are due any relief under the ICA.

---

[1] As Plaintiffs acknowledge, Defendant Principal Global Investors, LLC ("PGI") was dismissed from the action on June 8, 2010 and is therefore not required to serve any responsive pleading.

1.      Answering Paragraph 1, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.[2]  As Plaintiffs acknowledge (Complaint, p. 3 n.3), this Court has already dismissed Plaintiffs' claims relating to the Underlying Funds, and therefore no response to those allegations is required, but in an abundance of caution, Defendants are answering all allegations of this Complaint, including ones relating to the Underlying Funds.

2.      Answering Paragraph 2, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants admit that the Court has subject matter jurisdiction over Counts I and II of the Complaint as to the Principal Sam Balanced Portfolio and the Principal SAM Strategic Growth Portfolio, but deny that the Court has subject matter jurisdiction over Plaintiffs' claims against the Underlying Funds because Plaintiffs lack standing to assert such claims.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

3.      Answering Paragraph 3, Defendants admit that venue is proper in this judicial district.

4.      Answering Paragraph 4, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants admit that a pre-suit demand is not required for an action brought under Section 36(b) of the ICA.

5.      Answering Paragraph 5, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

---

[2] Defendants adopt the definitions of the capitalized terms "Subject Funds" and "Underlying Funds" set forth in the Complaint.

6.      Answering Paragraph 6, Defendants admit that Judith Curran has owned shares of Principal SAM Balanced Portfolio but Defendants are without the knowledge and information sufficient to admit or deny the rest of the allegations contained in this paragraph, and therefore deny such allegations.

7.      Answering Paragraph 7, Defendants admit that Michael Earp has owned shares of Principal SAM Strategic Growth Portfolio but Defendants are without the knowledge and information sufficient to admit or deny the rest of the allegations contained in this paragraph, and therefore deny such allegations.

8.      Answering Paragraph 8, Defendants admit that the SAM Balanced Portfolio and the SAM Strategic Growth Portfolio are diversified portfolios of Principal Funds, Inc.  Defendants also admit the remaining allegations contained in this paragraph.

9.      Answering Paragraph 9, Defendants admit the allegations contained in this paragraph.[3]

10.     Answering Paragraph 10, Defendants admit the allegations contained in this paragraph except they deny that PFG offered mutual funds and that Edge is a subsidiary of PGI.

11.     Answering Paragraph 11, Defendants admit the allegations contained in this paragraph except they deny that Principal Funds Distributor, Inc.'s principal place of business is Des Moines, Iowa.

12.     Answering Paragraph 12, Defendants admit that the SAM Funds are sold, advised, and managed with other funds as part of a fund family.  Defendants admit that certain management, advisory and distribution services are provided to the family of funds by Defendants, and that Plaintiff Curran has owned shares in the SAM Balanced Fund and Plaintiff Earp has owned shares in the SAM Strategic Growth Fund.  Defendants lack knowledge and

[3] Defendants adopt the definition of the capitalized term "the SAM Funds" set forth in the Complaint.

3

belief as to whether Plaintiffs are shareholders of the SAM Funds.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

13.     Answering Paragraph 13, Defendants admit that they received compensation from the SAM Funds and the Underlying Funds pursuant to agreements providing for such compensation.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

14.     Answering Paragraph 14, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

15.     Answering Paragraph 15, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

16.     Answering Paragraph 16, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

17.     Answering Paragraph 17, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

18.     Answering Paragraph 18, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

19.     Answering Paragraph 19, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

20.     Answering Paragraph 20, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

21.     Answering Paragraph 21, Defendants admit that Defendants' fund family consists of a group of related investment companies (the mutual funds themselves) that are owned by their shareholders and each governed by a board of directors.  The mutual funds contract for services including, but not necessarily limited to, distribution of their securities, custodianship of their assets, auditing, servicing shareholder accounts, portfolio management, and day-to-day operation.  Defendants deny each and every allegation contained in this paragraph not specifically admitted herein.

22.     Answering Paragraph 22, Defendants admit that the Defendants' fund family consists of a number of different mutual funds and that Defendant PMC was involved in organizing certain of these funds.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

23.     Answering Paragraph 23, Defendants admit that when a new mutual fund is initiated for which PMC serves as manager, PMC contracts to provide necessary services.  Defendants admit that PFI's board of directors serves as the board of directors for each fund.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

24.     Answering Paragraph 24, Defendants admit that the table provided in this paragraph contains accurate numerical information, but deny that the numerical information is

accurate with respect to the "Subject Funds" as defined in the  Complaint.[4]  Defendants aver that the respective board of directors for the Subject Funds meets multiple times each year and that the fees paid to the directors are based upon a number of factors, including an annual retainer, the number of meetings attended and expenses incurred.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

25.      Answering Paragraph 25, Defendants admit the independent directors are compensated for their services.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

26.      Answering Paragraph 26, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

27.      Answering Paragraph 27, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

28.      Answering Paragraph 28, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

29.      Answering Paragraph 29, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

---

[4] Defendants note that any admissions regarding the accuracy of numerical information alleged in the Complaint include the implicit recognition that much of the alleged numerical information has been rounded by one or more decimal places.  By admitting to the accuracy of alleged numerical information, Defendants are only admitting that the information is accurate as rounded.

30.     Answering Paragraph 30, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

31.     Answering Paragraph 31, Defendants deny each and every allegation contained in this paragraph.

32.     Answering Paragraph 32, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

33.     Answering Paragraph 33, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

34.     Answering Paragraph 34, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

35.     Answering Paragraph 35, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

36.     Answering Paragraph 36, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

37.     Answering Paragraph 37, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

38.     Answering Paragraph 38, the allegations in this paragraph appear to be legal conclusions or legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

39.     Answering Paragraph 39, Defendants admit that the Complaint selectively quotes from four Morningstar Reports, but further answering, Defendants state that those reports generally commend the performance of the SAM Balanced Fund. Defendants admit that, on August 30, 2010, Morningstar released an article regarding the SAM Balanced Fund and that the Complaint selectively quotes from that report.  Defendants further admit that, on September 30, 2011, Morningstar released an article regarding the SAM Balanced Fund and that the Complaint selectively quotes from that report. Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

40.     Answering Paragraph 40, Defendants admit that PMC has contracted with sub-advisors for both the SAM Funds and each Underlying Fund.  Defendants admit that PMC pays fees to the sub-advisors.  Defendants admit that sub-advisors include Edge, Spectrum Asset Management, American Century, Montag & Caldwell, Columbus Circle Investors, AllianceBernstein, Westwood Management Corp., and Principal Real Estate Investors. Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

41.     Answering Paragraph 41, Defendants admit that the SAM Balanced Portfolio and the SAM Strategic Growth Portfolio charge a fee based on the average net assets of the funds, with break points that decrease the effective fees as the average net assets increase and that the tables in Paragraph 41 set forth the fee schedules for the SAM Funds.  Defendants

further admit that PMC received $13,693,000 in management fees from the SAM Balanced Portfolio for fiscal year ending October 31, 2008, $9,988,000 in management fees from the SAM Balanced Portfolio for fiscal year ending October 31, 2009, and $10,679,000 in management fees from the SAM Balanced Portfolio for fiscal year ending October 31, 2010.  Defendants admit that PMC received $6,816,000 in management fees from the SAM Strategic Growth Portfolio for fiscal year ending October 31, 2008, $4,599,000 in management fees from the SAM Strategic Growth Portfolio for fiscal year ending October 31, 2009, and $4,916,000 in management fees from the SAM Strategic Growth Portfolio for fiscal year ending October 31, 2010.  Defendants admit that the SAM Balanced portfolio had approximately $3.2 billion in assets in 2008, $3 billion in 2009, and $3.2 billion in 2010.  Defendants admit that the SAM Strategic Growth portfolio had approximately $1.5 billion in assets in 2008, $1.4 billion in 2009, and $1.41 billion in 2010.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

42.     Answering Paragraph 42, Defendants admit that Edge received a sub-advisory fee of 0.0416% of net assets from PMC.  Defendants admit that for fiscal year ending October 31, 2008, Edge received $1,835,589 for its services in connection with the SAM Balanced Portfolio and $921,657 for its services in connection with the SAM Strategic Growth Portfolio.  Defendants admit that for fiscal year ending October 31, 2009, Edge received $1,174,586 for its services in connection with the SAM Balanced Portfolio and $540,080 for its services in connection with the SAM Strategic Growth Portfolio.  Defendants admit that for fiscal year ending October 31, 2010, Edge received $1,290,134 for its services in connection with the SAM Balanced Portfolio and $593,466 for its services in connection with the SAM Strategic Growth Portfolio.  Defendants admit that PMC received $13,693,000 in management fees for fiscal year ending October 31, 2008 and that amount includes the $1,835,589 fee paid to Edge as the sub-advisor for the SAM Balanced Portfolio.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

43.     Answering Paragraph 43, Defendants admit that PMC received $193,615,000 in advisory fees for its services with respect to the Underlying Funds for fiscal year ending October 31, 2008.  Defendants admit that PMC received $214,124,000 in aggregate fees for its advisory services with respect to the SAM Balanced Portfolio, SAM Strategic Growth Portfolio and the Underlying Funds for fiscal year ending October 31, 2008.  Defendants admit that PMC received $150,175,000 in compensation from the Underlying Funds for a total of $164,762,000 in advisory fees for its services with respect to the SAM Balanced Portfolio, SAM Strategic Growth Portfolio and the Underlying Funds for fiscal year ending October 31, 2009.  Defendants admit that PMC received $176,700,000 in compensation from the Underlying Funds for a total of $192,000,000 in advisory fees for its services with respect to the SAM Balanced Portfolio, SAM Strategic Growth Portfolio and the Underlying Funds for fiscal year ending October 31, 2010.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

44.     Answering Paragraph 44, Defendants admit that the table in Paragraph 44 purports to set forth fee schedules depicted for each of the respective funds, that in some instances the fee schedules take figures from publicly available documents related to the funds, and that accurate information is set forth in publicly available documents, including the current "Statement of Additional Information" for the funds.  Defendants admit that the LargeCap Growth Fund II is sub-advised by American Century Investment Management, Inc. and Montag & Caldwell, that the LargeCap Value Fund III is sub-advised by AllianceBernstein Investment Research and Westwood Management, Corporation, and that the remaining Underlying Funds are sub-advised by affiliates of the Defendants.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

45.     Answering Paragraph 45, Defendants admit that the second, third, and fourth tables show the actual fees earned in 2008, 2009, and 2010 for each of those funds. Defendants admit that the first table is an "Effective Fee Schedule" prepared by Plaintiffs and that the amounts shown in the first table are accurate (but appear to be rounded to a single

10

decimal place) with respect to the SAM Funds.  As to the figures in the first table for the Underlying Funds, this Court has already dismissed Plaintiffs' claims relating to the Underlying Funds, and therefore no response to those allegations is required.  To the extent that any answer is required with respect to the Underlying Funds, Defendants admit that Plaintiffs' calculations in the first table appear to be based on information contained in publicly available documents related to the funds, and that accurate information is set forth in publicly available documents, including the current "Statement of Additional Information" for the funds, and that if the figures are properly calculated from those publicly available documents, those figures should be accurate as well.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

46.     Answering Paragraph 46, Defendants admit that PMC provides the services and bears the expenses as set forth in the Management Agreements.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

47.     Answering Paragraph 47, Defendants admit that the values set forth in the tables depict the effective management fee schedule and effective fees for the LargeCap Value Fund III in 2008, 2009, and 2010.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

48.     Answering Paragraph 48, Defendants admit that the SAM funds pay PMC a management fee and that PMC pays a portion of its management fee to Edge for sub-advisory services.  Defendants admit that PMC pays Edge 4.2 basis points as a sub-advisor.  Defendants admit that, in 2008, PMC received management fees of $20,509,000 from the SAM Balanced and SAM Strategic Growth Portfolios and that PMC paid $2,757,246 to Edge for advisory services in connection with the SAM Funds.  Defendants admit that, in 2009, PMC received management fees of $14,587,000 from the SAM Balanced and SAM Strategic Growth Portfolios and that PMC paid $1,714,666 to Edge for advisory services in connection with the SAM Funds. Defendants admit that, in 2010, PMC received management fees of $13,700,000 from the SAM

Balanced and SAM Strategic Growth Portfolios and that PMC paid approximately $1,900,000 to Edge for advisory services in connection with the SAM Funds. Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

49.     Answering Paragraph 49, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants otherwise deny each and every allegation contained in this paragraph.

50.     Answering Paragraph 50, Defendants deny each and every allegation contained in this paragraph.

51.     Answering Paragraph 51, Defendants deny each and every allegation contained in this paragraph.

52.     Answering Paragraph 52, Defendants admit that the Subject Funds pay distribution fees to Principal Funds Distributor, Inc. ("PFD") pursuant to agreements governing those services.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

53.     Answering Paragraph 53, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

54.     Answering Paragraph 54, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

55.     Answering Paragraph 55, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.  To the extent this paragraph raises allegations specific to Defendants—and in

particular, the last two sentences of this paragraph— Defendants deny each and every allegation contained in this paragraph.

56.     Answering Paragraph 56, Defendants deny each and every allegation contained in this paragraph.

57.     Answering Paragraph 57, Defendants admit the dollar amounts contained in this paragraph are accurate, but deny that Defendant PMC received any 12b-1 payments.

58.     Answering Paragraph 58, Defendants deny each and every allegation contained in this paragraph.

59.     Answering Paragraph 59, Defendants deny each and every allegation contained in this paragraph.

60.     Answering Paragraph 60, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

61.     Answering Paragraph 61, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

62.     Answering Paragraph 62, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

63.     Answering Paragraph 63, Defendants deny each and every allegation contained in this paragraph.

64.     Answering Paragraph 64, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations

contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

65.     Answering Paragraph 65, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

66.     Answering Paragraph 66, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

67.     Answering Paragraph 67, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

68.     Answering Paragraph 68, Defendants deny each and every allegation contained in this paragraph.

69.     Answering Paragraph 69, Defendants deny each and every allegation contained in this paragraph.

70.     Answering Paragraph 70, Defendants deny each and every allegation contained in this paragraph.

71.     Answering Paragraph 71, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

72.     Answering Paragraph 72, Defendants admit that investment advisory services include the buying and selling of stocks, bonds and other securities.  Defendants

otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

73.     Answering Paragraph 73, Defendants deny each and every allegation contained in this paragraph.

74.     Answering Paragraph 74, Defendants deny each and every allegation contained in this paragraph.

75.     Answering Paragraph 75, Defendants deny each and every allegation contained in this paragraph.

76.     Answering Paragraph 76, Defendants admit that Defendant PMC provides investment advisory services to the SAM Balanced and SAM Strategic Growth Portfolios of the Principal Variable Contracts Funds, Inc. ("PVCFI") and that these funds are open-end management investment companies registered under the ICA.   Defendants further admit that Exhibit 1 represents Defendant PMC's management agreement with PFI and Exhibit 8 represents Defendant PMC's management agreement with PVCFI.   Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

77.     Answering Paragraph 77, Defendants deny each and every allegation contained in this paragraph.

78.     Answering Paragraph 78, Defendants deny each and every allegation contained in this paragraph.

79.     Answering Paragraph 79, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.   To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

80.     Answering Paragraph 80, Defendants deny each and every allegation contained in this paragraph.

81.     Answering Paragraph 81, Defendants deny each and every allegation contained in this paragraph.

82. Answering Paragraph 82, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

83. Answering Paragraph 83, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial. To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

84. Answering Paragraph 84, Defendants admit that Paragraph 84 sets forth the management fee schedule for the PFI SAM Balanced Portfolios. Defendants admit that the management fee schedule for the PVCFI SAM Balanced Portfolio is as follows:

| Assets Under Management | SAM Funds offered through Principal Variable Contracts Fund, Inc. |
|---|---|
| First $500 million | 0.25% |
| Next $500 million | 0.25% |
| Next $1 billion | 0.20% |
| Next $1 billion | 0.20% |
| Next $1 billion | 0.20% |
| Next $1 billion | 0.20% |
| Over $5 billion | 0.20% |

Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

85. Answering Paragraph 85, Defendants admit that Exhibits 1 and 8 are copies of management agreements for services provided to the Subject Funds and PVCFI, respectively. Defendants further admit that Edge provides sub-advisory services to the Subject

Funds and to PVCFI, and that Edge is paid 42 basis points for their services.   Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

86.     Answering Paragraph 86, Defendants admit that the PVCFI SAM Balanced Portfolio had approximately $935 million in assets during 2010.   Defendants admit that the PFI SAM Balanced Portfolio had approximately $3.2 billion in assets under management in 2010.   Defendants admit that the PVCFI SAM Strategic Growth Portfolio had approximately $152 million in assets during 2010.   Defendants admit that the PFI SAM Strategic Growth Portfolio had approximately $1.41 billion in assets under management in 2010.   Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

87.     Answering Paragraph 87, Defendants deny each and every allegation contained in this paragraph.

88.     Answering Paragraph 88, the allegations in this paragraph appear to be extraneous legal arguments not requiring an admission or denial.   To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

89.     Answering Paragraph 89, Defendants deny each and every allegation contained in this paragraph.

90.     Answering Paragraph 90, Defendants deny each and every allegation contained in this paragraph.

91.     Answering Paragraph 91, Defendants deny each and every allegation contained in this paragraph.

92.     Answering Paragraph 92, Defendants deny each and every allegation contained in this paragraph.

93.     Answering Paragraph 93, Defendants deny each and every allegation contained in this paragraph.

94.     Answering Paragraph 94, Defendants deny each and every allegation contained in this paragraph.

95.     Answering Paragraph 95, Defendants deny each and every allegation contained in this paragraph.

96.     Answering Paragraph 96, Defendants admit that the fees paid to Defendants are approved by the Subject Funds' boards of directors.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

97.     Answering Paragraph 97, Defendants deny each and every allegation contained in this paragraph.

98.     Answering Paragraph 98, Defendants deny each and every allegation contained in this paragraph.

99.     Answering Paragraph 99, Defendants deny each and every allegation contained in this paragraph.

100.     Answering Paragraph 100, Defendants admit that Defendants also have adopted, and the Subject Fund's directors have approved, transfer agency fees that are paid to PSI, a wholly owned subsidiary of Defendant PMC and that such services are provided at cost. Concerning Plaintiffs' ability to determine certain facts, Defendants are without the knowledge and information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny such allegations.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

101.     Answering Paragraph 101, Defendants admit that Defendants have adopted 12b-1 distribution plans, which are reviewed annually by the Subject Funds' directors. As to the other allegations in this paragraph, they appear to be legal conclusions that do not require an admission or denial.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

102.     Answering Paragraph 102, Defendants admit that the Subject Funds have adopted Distribution Plans that the Board has approved annually.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

103.     Answering Paragraph 103, Defendants deny each and every allegation contained in this paragraph.

104.     Answering Paragraph 104, Defendants deny each and every allegation contained in this paragraph.

105.     Answering Paragraph 105, Defendants admit that PFI's board of directors serves as the board of directors for each fund.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

106.     Answering Paragraph 106, Defendants admit that PFI's board of directors meets periodically during the year and that board members are compensated in part based upon the number of meetings they attend.  Defendants otherwise deny each and every allegation contained in this paragraph not specifically admitted herein.

107.     Answering Paragraph 107, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

108.     Answering Paragraph 108, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

109.     Answering Paragraph 109, the allegations in this paragraph appear to be legal conclusions not requiring an admission or denial.  To the extent that allegations contained in this paragraph so require, Defendants deny each and every allegation contained in this paragraph.

110.     Answering Paragraph 110, Defendants deny each and every allegation contained in this paragraph.

111.     Answering Paragraph 111, Defendants deny each and every allegation contained in this paragraph.

112.     Answering Paragraph 112, Defendants deny each and every allegation contained in this paragraph.

113.     Answering Paragraph 113, Defendants deny each and every allegation contained in this paragraph.

114.     Answering Paragraph 114, Defendants respond to the allegations incorporated in this paragraph by repeating their responses to the respective paragraphs so incorporated.

115.     Answering Paragraph 115, Defendants admit that Count I is alleged only against Principal Management Corporation.

116.     Answering Paragraph 116, Defendants deny each and every allegation contained in this paragraph.

117.     Answering Paragraph 117, Defendants deny each and every allegation contained in this paragraph.

118.     Answering Paragraph 118, Defendants are without the knowledge and information sufficient to admit or deny the allegations contained in this paragraph with respect to the relief that Plaintiffs seek, and therefore deny such allegations on that basis and further specifically deny that Plaintiffs are entitled to any relief under the ICA.

119.     Answering Paragraph 119, Defendants respond to the allegations incorporated in this paragraph by repeating their responses to the respective paragraphs so incorporated.

120.     Answering Paragraph 120, Defendants admit that Count II is alleged only against Principal Funds Distributor, Inc.

121.     Answering Paragraph 121, Defendants deny each and every allegation contained in this paragraph.

122.     Answering Paragraph 122, Defendants deny each and every allegation contained in this paragraph.

123.     Answering Paragraph 123, Defendants are without the knowledge and information sufficient to admit or deny the allegations contained in this paragraph with respect to the relief that Plaintiffs seek, and, therefore, deny such allegations on that basis and further specifically deny that Plaintiffs are entitled to any relief under the ICA.

124.     Defendants deny each and every allegation contained in the "WHEREFORE" clause of the Amended Complaint.


## CLAIM FOR RELIEF

To the extent that any response to Plaintiffs' prayer for relief and judgment is required, Defendants deny each and every allegation contained therein.


## AFFIRMATIVE DEFENSES

Defendants allege the following separate and affirmative defenses to the Complaint, and, in so doing, do not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The challenged fees are fair and not so disproportionately large in relation to the services rendered that they bear no reasonable relationship to the services rendered.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted.

### THIRD AFFIRMATIVE DEFENSE

A majority of the disinterested directors approved the challenged fees.

### FOURTH AFFIRMATIVE DEFENSE

The challenged fees were approved by PFI's board of directors in the exercise of business judgment based upon reasonable inquiry.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, by purchasing shares of the Subject Funds and reinvesting, agreed with, accepted, endorsed and otherwise approved the level of challenged fees.  Accordingly, Plaintiffs are estopped and otherwise barred from complaining about those fees.

### SIXTH AFFIRMATIVE DEFENSE

The 12b-1 fees, as calculated, are expressly permitted by the National Association of Securities Dealers Rule 2830 and Section 22(b) of the Investment Company Act.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statutes of limitation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to challenge 12b-1 fees paid with respect to classes of shares of their Funds other than the class of shares which they own.

### NINTH AFFIRMATIVE DEFENSE

The Investment Company Act limits recovery of any damages to those incurred during the period one year before the institution of the action.

### TENTH AFFIRMATIVE DEFENSE

Defendants fully and timely disclosed all relevant information regarding the challenged advisory and distribution fees.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs knew, or with the exercise of reasonable care should have known, all of the relevant information concerning the challenged advisory and distribution fees.  In addition, they were free at all relevant times to sell the shares they owned in the particular Funds.  Accordingly, their claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, disclosure and/or consent, ratification, unclean hands, and other related doctrines.

## THIRTEENTH AFFIRMATIVE DEFENSE

Each and every one of the Defendants acted in good faith and did not materially assist in any violation of law or directly or indirectly induce any act or acts constituting any alleged violations or causes of action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the matters now claimed by the Complaint to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and, as such, were available to the Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all the purported facts alleged in the Complaint upon which they assert liability against the Defendants.  Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or in part, is Plaintiffs' negligence and their failure to exercise reasonable care.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent they were not recipients of the challenged fees, Defendants are not liable under Section 36(b)(3).

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants may have additional, as yet unidentified defenses available. Additional defenses may be revealed by further investigation or through discovery. Accordingly, Defendants may have other affirmative defenses and thus reserve the right to assert any and all such defenses in a timely fashion after the facts to support such defenses become known to them.

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.      That judgment be entered in favor of Defendants;

2.      That Plaintiffs take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3.      For costs, attorneys' fees, expert witness fees, and court costs incurred herein; and

4.      For such other and further relief as this Court deems just and proper.

DATED:  January 20, 2012

By:  /s/ Sarah H. Newman_____

Robert Pietrzak
rpietrzak@sidley.com
Andrew W. Stern
astern@sidley.com
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (312) 839-5599

Mark B. Blocker
mblocker@sidley.com
Sarah Newman
snewman@Sidley.com
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-6097
Facsimile: (312) 853-7036

Brian L. Campbell
Campbell@whitfieldlaw.com
WHITFIELD & EDDY P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-8002
Telephone:  (515) 246-5503
Facsimile:  (515) 246-1474

*Counsel for Defendants Principal Management Corporation and Principal Funds Distributor, Inc.*

CH1 6438456v.2

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, a copy of the foregoing Defendants' Answer to Second Anniversary Complaint was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sarah H. Newman