# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

JUDITH CURRAN and MICHAEL EARP, for
the use and benefit of the Principal Funds, Inc.
Strategic Asset Management (SAM) Balanced
Portfolio, Principal SAM Strategic Growth
Portfolio, *et al*.,

Case No. 4:09-cv-00433-RP-CFB

                          Plaintiffs,

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR
PARTIAL SUMMARY JUDGMENT

    v.

PRINCIPAL MANAGEMENT
CORPORATION, PRINCIPAL GLOBAL
INVESTORS, LLC, and PRINCIPAL FUNDS
DISTRIBUTOR, INC.

                          Defendants.

## TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................... 1

II.     BACKGROUND ............................................................................................. 2

III.    ARGUMENT .................................................................................................. 4

        A.    The Court Should Rule on This Motion as the Issue Is Capable of
              Repetition, Yet Evading Review............................................................. 4

        B.    The Unambiguous Language of Section 36(b)(3) Does Not Limit
              Post-Filing Damages.............................................................................. 5

        C.    The Eighth Circuit Has Held That "[A] Straightforward Reading of
              the Damage Limitation Yields Only A Retrospective Limitation." .................... 7

        D.    The Only Other Courts That Have Squarely Considered the Issue
              Have Likewise Held That the Clear Language of Section 36(b)(3)
              Imposes a Limitation Only On Pre-Filing Damages. ........................................... 8

              1.    *Hunt v. Invesco Funds Group, Inc.* .......................................... 9

              2.    *Forsythe, Dumond, and Vaughn* ............................................... 9

              3.    *Mintz v. Baron* ...................................................................... 11

              4.    *In re Federated Mut. Funds Excessive Fee Litig.* ................... 12

        E.    A Close Examination of Other Cases Purportedly Discussing Post-
              Filing Damages Limitation Reveals They Do Not Actually
              Analyze the Issue. .................................................................................. 12

        F.    The Practical Realities of Litigation Support Including Damages
              Through the Time of Trial. ..................................................................... 16

IV.     CONCLUSION ............................................................................................ 18

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Brever v. Fed.Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429 (W.D. Pa. 2005)................................ 15

*Brever v. Federated Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429 (W.D. Pa. 2005) ..................... 13

*Bright v. Taylor*, 554 F.2d 854 (8th Cir. 1977)............................................................. 5

*Burks v. Lasker*, 441 U.S. 471 (1979)....................................................................... 3

*Daily Income Fund v. Fox*, 464 U.S. 523 (1984).................................................. 2, 3, 13

*Doe v. Poelker*, 497 F.2d 1063 (8th Cir. 1974)....................................................... 5

*Dumond v. Mass. Fin. Servs. Co.*, No. 04-11458, 2007 WL 602589 (D. Mass. Feb. 22, 2007) ..................................................................................................... 7, 9

*Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 122 (D. Mass. 2007) ............................. passim

*Gallus v. Am. Express Fin. Corp. et al.*, No. 04-4498 (D. Minn. filed July 27, 2006) .......................................................................................................... 13

*Gallus v. American Express Fin. Corp.*, No. 04-4498 (D. Minn., May 30, 2006) .................... 18

*Gallus v. Ameriprise Fin., Inc.*, 561 F.3d 816 (8th Cir. 2009)............................... passim

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999 (S.D.N.Y. 1980) ................. 3

*Glover v. McDonnell Douglas Corp.*, 12 F.3d 845 (8th Cir. 1994)................................. 8

*Green v. Nuveen Advisory Corporation*, 295 F.3d 738 (7th Cir. 2002) .................................. 13

*Grossman v. Johnson*, 89 F.R.D. 656 (D. Mass. 1981) ............................................... 13

*Hunt v. Invesco Funds Group, Inc.*, No. 04 25555, 2006 WL 1751900 (S.D. Tex. June 22, 2006)................................................................................................... 9, 18

*In re AllianceBernstein Mutual Fund Excessive Fee Litig.*, No. 04 Civ. 4885, 2006 U.S. Dist. LEXIS 939, 2006 WL 74439 (S.D.N.Y. Jan. 11, 2006) ............................ 13

*In re American Mutual Funds Fee Litig.*, No. 04–5593, 2009 WL 5215755 (C. D. Cal. Dec. 28, 2009) ................................................................................................ 18

*In re Federated Mut. Funds Excessive Fee Litig.*, No. 2:04-352, 2011 WL 846068 (W.D. Pa. Mar. 8, 2011)................................................................................ 6, 9, 12

*In re Frank J. Evangelist*, 760 F.2d 27 (1st Cir. 1985)..................................................... 3

*In re Franklin Mut. Funds Fee Litig.*, 478 F.Supp.2d, 677 (D.N.J. 2007) ........................... 14, 15

*Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030 (2d Cir. 1992) .................... 13, 14, 15

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990) ......................................... 6

*King v. Douglass*, 973 F. Supp. 707 (S.D. Tex. 1996) ................................................... 13

*Krinsk v. Fund Asset Mgmt., Inc.*, 715 F.Supp. 472 (S.D.N.Y. 1988)....................................... 18

*Krinsk v. Fund Asset Mgmt., Inc.*, No. 85 Civ. 8428, 1986 U.S. Dist. LEXIS 25691, 1986 WL 205 (S.D.N.Y. May 9, 1986) ...................................................... 13

*Mintz v. Baron*, No. 05-4904, 2009 WL 735140 (S.D.N.Y. Mar. 20, 2009) ......................... 9, 11

*Moses v. Burgin*, 445 F.2d 369 (1st Cir. 1971)................................................................... 3

*Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022 (8th Cir. 2003).............................................. 6

*O'Connor v. Donaldson*, 422 U.S. 563 (1975) ................................................................... 8

*U.S. v. Bechter*, 534 F.3d 820 (8th Cir. 2008) ................................................................... 8

*U.S. v. Sabri,* 326 F.3d 937 (8th Cir. 2003) *aff'd and remanded*, 541 U.S. 600, 124 S. Ct. 1941, 158 L. Ed. 2d 891 (2004)................................................................... 6

*U.S. v. Sanders*, 276 F. App'x 532 (8th Cir. 2008) ............................................................ 5

*Vaughn v. Putnam Inv. Mgmt., LLC*, No. 04 cv-10988, 2007 WL 602596 (D. Mass. Feb. 22, 2007).......................................................................................... 7, 9

## **Statutes**

15 U.S.C. § § 80a-15(a)(2)........................................................................................... 7

15 U.S.C. § § 80a-15(b)(1) .......................................................................................... 7

15 U.S.C. § 80a-35(b)(3) .......................................................................................... 1, 6

Investment Company Act of 1940, 15 U.S.C. § 80a-l et seq....................................................... 2

## **Other Authorities**

S.R. Rep. No. 91-184 (1969), *reprinted in* 1970 U.S.C.C.A.N. 4897, 1969 WL
  4981 .......................................................................................................................... 3, 10

## **Rules**

233 F.R.D. ............................................................................................................................ 15

Fed. R. Civ. P. 12(f)(1) ......................................................................................................... 5

## I.   INTRODUCTION

Principal Financial Group acquired the WM Strategic Asset Management Portfolios ("WM SAM Portfolios") from WM Advisors on or about January 12, 2007. Plaintiffs' Statement of Undisputed Facts ("Plfs. SUF") ¶ 1/Appendix ("App.") at 5-6, 14.  With the acquisition, the WM SAM Portfolios became the Principal SAM Portfolios, Plfs. SUF ¶ 2/App. at 5-6, and Principal Management Corporation ("PMC") became the investment advisor to the now Principal SAM Portfolios ("SAM Funds").  Plfs. SUF ¶ 3/App. at 21-26.  Since Principal acquired the SAM Funds, the fee rates charged to the SAM Fund shareholders pursuant to the investment Management Agreements that have been approved on an annual basis have remained unchanged. Plfs. SUF ¶ 4/*compare* App. at 8 to App. at 16.  Likewise, the distribution or 12b-1 fee rates charged to the SAM Fund shareholders by Principal Funds Distributor, Inc. pursuant to the Distribution Plan and Agreements that have been approved on an annual basis have remained unchanged. Plfs. SUF ¶ 6/*compare* App. at 11 to App. at 20.

Against this backdrop, Plaintiffs move for partial summary judgment on a pure question of law that is raised as Defendant's Tenth Affirmative Defense: does the Investment Company Act of 1940 "limit[ ] recovery of any damages to those incurred during the period one year *before* the institution of the action"?  Defendants' Answer to Plaintiffs' Amended Complaint at p.20, ECF No. 46 (emphasis added).  Several courts, including the Eighth Circuit, have answered the question with a resounding "No," recognizing that the plain language of Section 36(b)(3) – which states that "[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted," 15 U.S.C. § 80a-35(b)(3) (emphasis added) – reveals that the *pre-filing* damages provision is the only damages limitation in the statute.  This Court also should adhere to the plain language of the statute and allow Plaintiffs to recover damages from

October 28, 2008 (one year prior to the filing of the original complaint on October 29, 2009)

continuing through the date of trial.

The Court should decide this issue now because leaving it unresolved places plaintiffs in

the position of having to continue to file Anniversary Complaints and move to strike the same

affirmative defense raised by defendants in their answer to each Complaint.  In addition,

other potential plaintiffs in Section 36(b) cases will be left in a conundrum of having to file a

new complaint each year on the anniversary of the commencement of the lawsuit or risk

foregoing damages for the period after they file suit.  This issue is one that is capable of

repetition, yet evading review.  Plaintiffs will face this exact issue again when Defendants file

their Answer to Plaintiffs' Third Anniversary Complaint, and if the trial does not proceed before

fourth anniversary of the filing date on October 28, 2013, Plaintiffs will have to decide whether

to file a fourth anniversary complaint.  Therefore, the issue is ripe for a decision. *See infra*

Section III.A.

## II.   BACKGROUND

Plaintiffs allege that Defendants have violated the Investment Company Act of 1940, 15

U.S.C. § 80a-l et seq. (the "ICA"), by breaching the fiduciary duties they owe to the shareholders

of the Principal Strategic Asset Management Balanced Fund and the Principal Strategic Asset

Management Strategic Growth Fund ("SAM Funds" or "Fund") with respect to the receipt of

compensation by charging and accepting excessive investment management fees as well as 12b-1

fees.

The ICA was amended and Section 36(b) was enacted to serve a "broad remedial

purpose" and was designed specifically to curb prevalent abuses by mutual fund advisers.  *See*

*Daily Income Fund v. Fox*, 464 U.S. 523, 541 (1984).  The impetus behind Section 36(b) was

Congress's recognition that the relationship between an investment adviser, such as Principal, and the mutual funds it manages is "fraught with potential conflicts of interest," *id.* at 536, and the "forces of arm's-length bargaining do not work in the mutual fund industry in the same manner as they do in other sectors of the American economy." S.R. Rep. No. 91-184 (1969), *reprinted in* 1970 U.S.C.C.A.N. 4897, 4901, 1969 WL 4981. A check on investment advisers was needed because "self-dealing is not the exception but, so far as management is concerned, the order of the day." *Moses v. Burgin*, 445 F.2d 369, 376 (1st Cir. 1971).

Although a fund's unaffiliated directors are to act as "independent watchdogs" over the adviser, *Burks v. Lasker*, 441 U.S. 471, 484 (1979), Congress acknowledged that it was unrealistic to rely "solely on the fund's directors to assure reasonable adviser fees." *Daily Income*, 464 U.S. at 540. As a result, Section 36(b) was enacted to provide shareholders with an effective means to redress breaches of fiduciary duty where self-dealing by a fund's investment adviser has resulted in unfair and excessive fees. 1970 U.S.C.C.A.N. at 4898.

Actions under Section 36(b) are equitable and are to be administered in accordance with equitable standards. *See, e.g., In re Frank J. Evangelist, Jr.*, 760 F.2d 27, 30 (1st Cir. 1985); *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999, 1006 (S.D.N.Y. 1980). Plaintiffs' case, which seeks to redress ongoing breaches of fiduciary duty, must be considered against the broad, equitable and remedial purpose of Section 36(b). Allowing Plaintiffs' to redress the ongoing breaches of fiduciary duty under Section 36(b) by recovering the excessive fees levied on Fund assets after the filing of the Complaint, continuing through the date of trial, would effectuate the remedial purpose of the statute.

## III.   ARGUMENT

**A.     The Court Should Rule on This Motion as the Issue Is Capable of Repetition, Yet Evading Review.**

Without clarity on the damages period issue, a plaintiff will have to file a complaint on the anniversary of their lawsuit for the life of the litigation or risk not preserving the damage period from the date the action was filed through the date of trial should a defendant successfully assert the same affirmative defense Principal has asserted in this case.  However, filing an anniversary complaint may make it appear that the damages period issue is moot, depending on the timing of a trial and the issuance of the final judgment.

In the instant case, Plaintiffs filed their original complaint on October 28, 2009.  Because the Defendants' pled their Tenth Affirmative Defense, Plaintiffs have filed a new action every year since the action has been pending with nearly identical complaints except for the addition of the actual dollar amount of the fees charged in the following year. *Compare* Plaintiffs' Amended Complaint (ECF No. 17) with Plaintiff's Anniversary Complaint (Case No. 10-508, ECF No. 1), Plaintiffs' Second Anniversary Complaint (Case No. 11-555, ECF No. 1), and Third Anniversary Complaint (Case No. 12-513, ECF No. 1).  Plaintiffs did move to strike this affirmative defense early in the case, ECF No. 49; however, the Court denied their motion as the issue was disputed, and the Court held that the affirmative defense presented a question of law or fact that the Court should hear.  ECF No. 72 at p. 4.  Accordingly, Plaintiffs have filed these anniversary complaints solely out of an extreme abundance of caution.  Filing a new action with a new damages period every year results in gross inefficiencies and wastes already limited judicial resources. The practical end result of deeming Defendant's Tenth Affirmative Defense meritorious will be an unnecessary inundation of the courts with identical lawsuits alleging ongoing violations of the same nature that would then have to be consolidated for trial, or separately tried—in either case,

an extremely inefficient process. Bogging down the federal courts with needless case filings could not be the result that Congress intended.

Further, where a case is capable of repetition, yet evading review, a court still has the power to adjudicate the issue even if it might otherwise be considered moot. *U.S. v. Sanders*, 276 F. App'x 532, 533 (8th Cir. 2008), *citing Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam). *See also Bright v. Taylor*, 554 F.2d 854, 859 (8th Cir. 1977); *Doe v. Poelker*, 497 F.2d 1063, 1067 (8th Cir. 1974). This exception is limited to situations in which (1) the challenged action is of too short a duration to be fully litigated before it comes to an end, and (2) there is a reasonable expectation that the complaining party will be subject to the same action again. *Id*. A "reasonable expectation" requires a demonstrable probability that the same controversy, involving the same complaining party, will recur. *Id*. In this case, Defendants have not yet answered the Plaintiffs' Third Anniversary Complaint but when they do answer and presumably raise the same affirmative defense, Plaintiffs will be ensconced in the exact same damages period controversy once again. Further, unless this case is tried and a judgment rendered before October 28, 2013 – the fourth anniversary of the filing of Plaintiffs' lawsuit, Plaintiffs will face the same conundrum once again of whether they need to file yet another anniversary complaint. Accordingly, the Court should rule on this motion. As an alternative, the Court could, of its own accord, strike Defendants' Tenth Affirmative Defense pursuant to Fed. R. Civ. P. 12(f)(1).

**B.      The Unambiguous Language of Section 36(b)(3) Does Not Limit Post-Filing Damages.**

The plain language of Section 36(b)(3) refers only to a limitation on when the damages can *begin* accruing. It reads:

> No award of damages shall be recoverable for any period ***prior to one year before the action was instituted***. Any award of damages against such recipient shall be limited to the actual damages resulting from the breach of fiduciary duty and shall

> in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient.

15 U.S.C. § 80a-35(b)(3) (emphasis added).  In the statute, Congress limited the available remedies to "actual damages," defined exactly who may be held liable, and expressly stated that the damages period begins one year prior to the institution of the action.

It is well-established that the "starting point for interpretation of a statute 'is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).  Indeed, where the text of a statute is unambiguous, "'[o]nly the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language.'" *U.S. v. Sabri,* 326 F.3d 937, 943 (8th Cir. 2003) *aff'd and remanded*, 541 U.S. 600 (2004) (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)).  Thus, as the Eighth Circuit has held, "[u]nless exceptional circumstances dictate otherwise, when we find the terms of a statute unambiguous, judicial inquiry is complete." *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1032 (8th Cir. 2003) (quoting *Burlington N. R.R. v. Okla. Tax Comm'n*, 481 U.S. 454, 461 (1987)).

Here, the clear language of the statute controls and states that the only limitation on damages is one year prior to filing.  A number of courts, including the Eighth Circuit, have held that "a straightforward reading of the damage limitation [in Section 36(b)(3)] yields only a retrospective limitation." *Gallus v. Ameriprise Fin., Inc.*, 561 F.3d 816, 825 (8th Cir. 2009), *vacated on other grounds by* 130 S. Ct. 2340 (Apr. 5, 2010).  *See also In re Federated Mut. Funds Excessive Fee Litig.*, No. 2:04-352, 2011 WL 846068 at *3 (W.D. Pa. Mar. 8, 2011); *Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 2d 122, 124 (D. Mass. 2007); *Dumond v. Mass. Fin.*

*Servs. Co.*, No. 04-11458, 2007 WL 602589, at *1 (D. Mass. Feb. 22, 2007); *Vaughn v. Putnam*

*Inv. Mgmt., LLC*, No. 04 cv-10988, 2007 WL 602596, at *1 (D. Mass. Feb. 22, 2007).  As such,

Plaintiffs may recover damages starting on October 28, 2008 and continuing through the date of

trial.

**C.**     **The Eighth Circuit Has Held That "[A] Straightforward Reading of the Damage Limitation Yields Only A Retrospective Limitation."**

In *Gallus v. Ameriprise Fin., Inc.*, the Eighth Circuit squarely addressed "the question

whether the statutory damage period ends with the filing of a § 36(b) lawsuit or continues

throughout the litigation."  561 F.3d at 824-5.  In *Gallus*, the defendant, Ameriprise, contended

that the plaintiffs could not recover damages incurred after the filing date of the complaint, but

the Eighth Circuit concisely stated, "we disagree."  *Id.* at 825.

Ameriprise, the investment advisor, argued that Section 36(b)(3) created two temporal

restrictions on § 36(b) damages:  1) a plaintiff may not recover damages suffered more than one

year before the lawsuit was filed; and 2) the filing date provided an ending point so that damages

suffered *after* a plaintiff filed suit was unrecoverable.  *Id.*  Ameriprise further argued that its

reading was consistent with the structure of the ICA because pursuant to 15 U.S.C. § § 80a-

15(a)(2) and (b)(1) , investment advisory contracts must be approved annually.  *Id.*

While the district court in *Gallus* adopted Ameriprise's view, the Eighth Circuit

completely rejected Ameriprise's arguments.  In reversing the district court's ruling, the Eighth

Circuit held:

> The plain language of the statute, however, does not support this interpretation.
> As the United States District Court for the District of Massachusetts concluded in
> a thorough and carefully reasoned opinion, a straightforward reading of the
> damage limitation yields only a retrospective limitation. See *Dumond v.
> Massachusetts Fin. Servs. Co., 2007 WL 602589 (D. Mass. 2007)*. Of course, the
> annual recurrence of fee negotiation makes it less likely that the same conduct
> will cause damage over successive years. But where the plaintiffs have continued

to suffer damage during the litigation, both the language of the statute and the interests of judicial economy suggest that redress should be available in a single action.

561 F.3d at 825.[1]  Further, if Congress had intended to limit damages to a single contract year, it could have written the statute to allow damages for just "one year's contract." But Congress did not.

Although a vacated decision is not binding precedent, *see, e.g., O'Connor v. Donaldson*, 422 U.S. 563, 577 (1975), the Eighth Circuit has held that where a case is vacated on one ground, the discussion concerning remaining grounds "is nonetheless persuasive." *U.S. v. Bechter*, 534 F.3d 820, 824 n.3 (8th Cir. 2008) (relying on a portion of another vacated Eighth Circuit decision).  *See also Glover v. McDonnell Douglas Corp.*, 12 F.3d 845, 848 n.3 (8th Cir. 1994) ("[t]hough it has been vacated and therefore lacks precedential value in future cases, the parties and the district court are invited to rely on our prior opinion as it relates to these issues ... for purposes of resolving matters on remand.").  The Eighth Circuit's ruling in *Gallus* on the damages period should be particularly persuasive here as the ruling concerned a pure issue of law and did not rest in any way on any particular facts in that case.

**D.     The Only Other Courts That Have Squarely Considered the Issue Have Likewise Held That the Clear Language of Section 36(b)(3) Imposes a Limitation Only On Pre-Filing Damages.**

In addition to the Eighth Circuit, only four other courts have squarely considered this issue, and all of those courts held that the language of the ICA does not limit damages for the time period *following* the filing of an action.[2]  *See Hunt v. Invesco Funds Group, Inc.*, No. 04 -

---

[1] The decision in *Dumond* which was cited by the Eighth Circuit is discussed in the following section.

[2] While six cases are cited here, three of the decisions -- *Forsythe*, *Dumond*, and *Vaughn* --- were all issued by Judge George O'Toole from the District of Massachusetts on the same day and are nearly identical decisions.  As the analysis in all three decisions is identical, Plaintiffs will primarily cite to *Forsythe* because it is published in the

02555, 2006 WL 1751900, at *1 (S.D. Tex. June 22, 2006); *Forsythe*, 475 F. Supp. 2d at 124; *Dumond*, 2007 WL 602589, at *1; *Vaughn*, 2007 WL 602596, at *1; *Mintz v. Baron*, No. 05-4904, 2009 WL 735140, at *4 (S.D.N.Y. Mar. 20, 2009); *In re Federated Mut. Funds Excessive Fee Litig.*, 2011 WL 846068, at *2-3.

### 1.     *Hunt v. Invesco Funds Group, Inc.*

In *Hunt*, the court issued an order specifically clarifying its position on the appropriate damages period in a Section 36(b) case.  In vacating prior statements it had made regarding the damages period, the court stated: "the Court recognizes that the language of the ICA, that '[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted,' [ ] does not limit damages for the period of time *following* the filing of the action." 2006 WL 1751900, at *1 (emphasis in original).

### 2.     *Forsythe, Dumond, and Vaughn*

Likewise in *Forsythe*, Judge George O'Toole concluded that the only temporal limitation on damages that the statute imposes is "that damages may not be awarded for 'any period' . . . that is 'prior to one year before the action was instituted.'"  *Forsythe*, 475 F. Supp. 2d at 124.  In analyzing whether Section 36(b)(3) might provide for an implied forward-looking limitation in the *Forsythe/Dumond/Vaughn* trio of cases, Judge O'Toole issued what the Eighth Circuit characterized as "a thorough and carefully reasoned opinion."  *Gallus*, 561 F.2d at 825 (citing *Dumond*, 2007 WL 602589).

As Judge O'Toole pointed out, there are two possible ways a "forward-looking" limitation might be imposed.  First, a statute might expressly impose a forward-looking limitation.  *Forsythe*, 475 F.Supp.2d at 124.  However, given the careful choice of language and

---

Federal Supplement.  The Eighth Circuit in *Gallus* chose to cite to *Dumond*.  However, citations to any of the three opinions should be read to incorporate citations to all three.

the express limitations on damages Congress explicitly set forth within the statute for the

recoverable damages period *prior* to the institution of an action, if Congress had intended to

preclude plaintiffs from recovering damages *after* the filing of a complaint, it could have

explicitly done so.  But it did not. Indeed, Section 36(b)'s legislative history strongly suggests

that, in adopting Section 36(b), Congress did not intend to restrict plaintiffs from recovering

actual damages resulting from a continuing breach of fiduciary duty.  As the Senate Report

accompanying the final proposal of Section 36(b) indicates, Congress intended the following:

> Section 36(b) authorizes an action only against the recipient of the compensation or
> payments.  ***Damages*** may be recovered only from a recipient of the payments and ***are
> not recoverable for any period prior to 1 year before the action was institute***d.  An
> award of damages against any recipient is limited to actual damages resulting from
> the breach of fiduciary duty and may not exceed the amount of the payments received
> by such recipient from the investment company or its security holders.

1970 U.S.C.C.A.N.  at 4911 (emphasis added).  This intent comports with the version of Section

36(b) that ultimately was adopted by Congress.  Although Congress favored a damages period

that could reach back only one year prior to the institution of the action, it decided to place no

such limitation on damages going forward.  Accordingly, Congress rejected the idea that

damages should be limited to cover only the period before the commencement of an action.

Because the plain language of the statute only includes a backward-looking damages limitation,

Judge O'Toole held, "there is no reason to stray into speculation about whether that limitation

dovetails optimally with other statutory provisions or satisfactorily fulfills a discerned

congressional purpose….Where the statute is clear, as it is here, it is the last word." *Forsythe*,

475 F. Supp. 2d at 125.

Second, a forward-looking limitation that was not expressly stated in a statute could be

imposed through implication that arose from a commonly accepted understanding of the terms

used or the relevant context.  *Forsythe*, 475 F.Supp.2d at 124.  However, as Judge O'Toole observed:

> In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment. Put another way, the inertial position is that damages occurring after the filing of a civil complaint may still be proved at trial. If Congress wanted to move matters off that inertial point, it would have to apply some force of words to do so. Silence on the question is fairly taken as intending no movement from the normal case.  Imagine that § 36(b) did not contain the backward-looking limitation it does but rather was entirely silent as to any temporal limitation of damages. Surely no one would suggest in that case that there was a limitation on proving damages that might accrue after the commencement of the action.  In the absence of some express limit, it would be accepted that the normal inertial rule would apply, and damages that were incurred while the case was pending would not be necessarily precluded.

*Id.*  at 124-25.

Judge O'Toole rejected the defendants' arguments that the overall structure of the ICA – for example, the requirement that certain advisory contracts be approved annually or that Congress limited the damage remedy – supported an implication that a forward-looking limitation should be imposed.  *Id.*  at 125.  Judge O'Toole noted that due to a variety of changes that might take place from year to year, "a defendant might be found to have violated a fiduciary duty in one year but not the next…The limited point decided here is that the statute does not foreclose proof of such post-commencement damages." *Id.*

### 3.     *Mintz v. Baron*

In addition to the Eighth Circuit which found Judge O'Toole's decision to be "a thorough and carefully reasoned opinion," *Gallus*, 561 F.3d at 825, Judge Laura Taylor Swain of the Southern District of New York adopted "Judge O'Toole's well-reasoned and thorough analysis of the question in *Forsythe*" in her decision in *Mintz*.  2009 WL 735140, at *4.  There, Judge Swain relied on substantially the reasons stated in *Forsythe* to hold that if the plaintiffs in *Mintz* chose

to replead their case, they would be allowed to "seek damages for the period beginning on May 23, 2004—the date one year prior to the filing of the original complaint—including damages for fees paid *after* the filing of the complaint." *Id.* (emphasis added).

       **4.**    *In re Federated Mut. Funds Excessive Fee Litig.*

Likewise, in *Federated*, the most recent decision to address this issue, the court denied the investment advisor's motion for partial summary judgment on this issue, referencing the "well-reasoned opinion" of Judge O'Toole in *Forsythe*.  2011 WL 846068, at *2.  As the court concisely stated, "nothing in the statute expressly precludes the recovery of post-filing damages." *Id.*  The *Federated* court concluded that "[t]he plain meaning of § 36(b)(3) as read in its "ordinary and natural sense" indicates that the sole temporal limitation imposed is only on those damages that were incurred *prior to the filing of suit*. The referenced language in § 36(b)(3) is not "reasonably susceptible of different interpretations," and therefore is not ambiguous."  *Id.* (emphasis in original).  The court went on to hold that "the statute's silence as to post-filing damages cannot be read to preclude their recovery. While the text of § 36(b)(3) unequivocally bars the recovery of any damages incurred prior to the one-year pre-filing window, the text does not explicitly or implicitly preclude the recovery of damages incurred after the filing of suit. Further, it would be improper to 'read absent words' into § 36(b)(3)."  *Id.* (citation omitted).

This Court should follow the rationale of the Eighth Circuit as well as the other four courts that have squarely ruled on this issue.

**E.**    **A Close Examination of Other Cases Purportedly Discussing Post-Filing Damages Limitation Reveals They Do Not Actually Analyze the Issue.**

In *Forsythe*, the defendants cited a number of cases they claimed supported their interpretation that the ICA foreclosed post-commencement damages which Plaintiffs anticipate Defendants will likely raise in their response to this motion.  However, Judge O'Toole analyzed

those cases and found that the cases fell into two groups: 1) cases that offered nothing more than passing reference to Section 36(b)(3); and 2) cases that contained statements that might seem at first blush to reflect the defendants' interpretation of Section 36(b)(3) did not actually resolve the question of whether Section 36(b)(3) precludes damages accruing after the date of the commencement of the action:

> These cases fall into two groups. The first group offers nothing more than a passing reference to § 36(b)(3). *See, e.g., Daily Income Fund v. Fox*, 464 U.S. 523, 526 n.2, 104 S. Ct. 831, 78 L. Ed. 2d 645 (1984); *Green v. Nuveen Advisory Corporation*, 295 F.3d 738, 743 (7th Cir. 2002); *King v. Douglass*, 973 F. Supp. 707, 710 n.4 (S.D. Tex. 1996); *Grossman v. Johnson*, 89 F.R.D. 656, 661 n.13 (D. Mass. 1981). In each of these cases, any reference to the damages period was simply part of a summary recitation of the other provisions of § 36(b)(3), probably included in service of completeness…The matters actually decided in those cases did not concern the damages issue. *See Daily Income*, 464 U.S. at 542 (holding that there is no demand prerequisite for § 36(b) claims); *Green*, 295 F.3d at 744 (holding that a conflict of interest on the adviser's part was not a breach of fiduciary duty under § 36(b)); *King*, 973 F.Supp. at 725 (holding that § 36(b) claim for receipt of excess compensation is direct, rather than derivative, claim); *Grossman*, 89 F.R.D. at 661-62 (holding, pre-Daily In-come, that demand is prerequisite for § 36(b) claims).
>
> The second group of cases cited by the defendants contain statements that may seem at first blush to reflect the defendants' proposed interpretation of the damages provision in § 36(b)(3). *See e.g., Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1037-38 (2d Cir. 1992) ("There is no express time limit on bringing an action under § 36(b), but the plaintiff may collect only those damages that have accrued in the prior year."); *Gallus v. Am. Express Fin. Corp. et al.*, No. 04-4498, at 3-4 (D. Minn. filed July 27, 2006) (order affirming magistrate judge's ruling on multiple discovery issues) ("[T]he Court concludes that, under the ICA, damages are limited to the one-year period before the filing of the action."); *In re AllianceBernstein Mutual Fund Excessive Fee Litig.*, No. 04 Civ. 4885, 2006 U.S. Dist. LEXIS 939, 2006 WL 74439, at *2 (S.D.N.Y. Jan. 11, 2006) ("Therefore, because Plaintiffs filed their initial complaint on June 22, 2004, they must plead facts demonstrating the existence of excessive advisory fees between June 22, 2003 and June 22, 2004."); *Brever v. Federated Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429, 433 (W.D. Pa. 2005) ("But a shareholder's ability to police and challenge any such agreement [management compensation agreements] through an award of damages is specifically limited to one year by operation of the statute.); *Krinsk v. Fund Asset Mgmt., Inc.*, No. 85 Civ. 8428, 1986 WL 205, at *4 (S.D.N.Y. May 9, 1986) ("[T]he ability to challenge the fees in court was similarly limited to one year by the statute.").

> With one exception, none of these cases actually resolved the question presented here, i.e., whether § 36(b)(3) precludes damages accruing after date of the commencement of the action.

475 F.Supp.2d at 125-6.  The exception was the district court decision in *Gallus* which Judge

O'Toole found:

> summarily affirmed the magistrate judge's order by simply stating that it had "review[ed] the applicable case law" and found "that the legislative history corroborates" the magistrate judge's interpretation of the statute. *Id.* The magistrate judge reached her interpretation, without engaging in any independent statutory analysis, simply by adopting much of the same case law discussed herein. The decision adds nothing of substance to the debate beyond its ultimate outcome, and non-binding as it is, deserves no more attention.

*Id.* at 127.  The Eighth Circuit clearly would agree with Judge O'Toole as it reversed the district

court judge on this issue in *Gallus*.  561 F.3d at 824-5.  *See also* Section III.C., *supra*.

        A post-*Forsythe* decision that Defendants may cite, *In re Franklin Mut. Funds Fee Litig.*,

478 F.Supp.2d, 677 (D.N.J. 2007), fares no better under close scrutiny.  In *Franklin*, the crux of

Judge Martini's decision was the notion that, because advisory agreements must be approved

annually, Congress must have intended to limit damages under Section 36(b)(3) to one year

before the complaint was filed.  *See Franklin*, 478 F. Supp. 2d at 685-86.  However, the Eighth

Circuit squarely rejected this argument.  *Gallus*, 561 F.3d at 825 ("the annual recurrence of fee

negotiation makes it less likely that the same conduct will cause damage over successive years.

But where the plaintiffs have continued to suffer damage during the litigation, both the language

of the statute and the interests of judicial economy suggest that redress should be available in a

single action.").  Further, the complaint in *Franklin* did not "advance[ ]  a set of circumstances

that were actionable, repetitive and ongoing in duration."  *Id.* at *3 n.3.

        In addition, to support his skewed view of congressional intent, Judge Martini relied

exclusively on *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030 (2d Cir. 1992)  and

*Brever v. Fed.Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429 (W.D. Pa. 2005) —neither of which

resolved the question of the damages limitation at issue here.  First, the language Judge Martini

quoted from *Kahn* is inapposite, as that case concerned what statute of limitations the Court

should apply to a claim brought under Section 215 of the Investment Advisors Act ("IAA").

*Kahn*, 970 F.2d  at 1037-39.  Second, as Judge O'Toole pointed out, the court in *Kahn*

"analogized the damages period to a statute of limitations, because it functioned as a bar to

recovery after a specified time" which is not the issue here.  *Forsythe*, 475 F.Supp.2d at 127.

  As for Judge Martini's cherry picked references to the portions of the *Brever* decision

where the court discussed congressional intent, that discussion was in the context of whether

newly substituted plaintiffs could take advantage of the existing plaintiffs' one year pre-filing

damages period. In *Brever*, the issue the court had to resolve was whether the claims of newly

substituted plaintiffs would "relate back" to the original plaintiffs' filing date under Rule 15(c) of

the Federal Rules of Civil Procedure. 233 F.R.D. at 432-436.  The main concern in *Brever* was

whether the court should allow the newly substituted plaintiffs to take advantage of a damages

period longer than one year prior to their joining the action.  *Id*.  To preserve the statute's explicit

one-year pre-filing limit on damages, the court concluded that the newly substituted plaintiffs'

claims did not relate back to the original filing date.  *Id*. at 432, 435-36.  Judge Martini then

incorrectly applied the *Brever* court's discussion of congressional intent regarding the *pre-filing*

*damages period* to the separate issue of whether existing plaintiffs can receive *post-filing*

*damages*, concluding that "[e]xtending the right to recover damages beyond one year. . . would

violate the text and intent of 36(b)."  *Franklin*, 478 F. Supp. 2d at 686.  However, the fatal flaw

in this assertion is that the text of Section 36(b)(3) contains no post-filing damages limitation and

the congressional intent described in *Brever* is in the context of the one year pre-filing limitation

of Section 36(b)(3).  *See* Section III.B., *supra*.  As Judge O'Toole recognized in *Forsythe*, the

*Brever* court  interpretation of the statutory language "was simply in keeping with the statute's

*backward-looking limitation on damages, as applied to the new plaintiffs*," 475 F.Supp.2d at 127

(emphasis added), which is quite a different question than the one in this case, *i.e.* whether the

existing Plaintiffs can obtain *forward-looking damages through trial*.  *Forsythe*, 475 F. Supp. 2d

at 126-27.  This Court should reject the analysis of the *Franklin* and *Brever* courts in favor of the

approach espoused by the Eighth Circuit in *Gallus*.

**F.      The Practical Realities of Litigation Support Including Damages Through the Time of Trial.**

The continuing damages approach simply makes sense.  First, when "the original

pleading placed the defendant on notice that the disputed conduct was of a continuing nature, the

defendant is generally expected to defend against all claims arising out of that course of

conduct—whether accruing before or after the original pleading was filed." *Kemper Ins.*

*Companies v. United States*, No. 02 cv-6252, 2004 WL 1811390 at *4 (W.D.N.Y. Aug. 13,

2004) (quotations omitted).  Plaintiffs' Amended Complaint in this action expressly provided

Defendants with such notice.  See Plaintiffs' Amended Complaint, ECF No. 17 at p. 52

(Plaintiffs requested "[a]n order declaring that Defendants have violated and *continue to violate*

§ 12, 36(b), and Rule 12b-l of the ICA" and [a]n order awarding damages against Defendants

including all fees paid to them by Plaintiffs and the Funds for all periods not precluded by any

applicable statutes of limitation *through the trial of this case*") (emphasis added).

Second, when a continuing wrong is alleged, as is the case here, damages

correspondingly continue to run after the filing of the complaint continuing through to the time

of trial. *See, e.g., McAllister v. Sec'y of Health and Human Servs.*, 70 F.3d 1240, 1243 (Fed. Cir.

1995) ("[A] recovery for past damages ordinarily includes not only those damages that the

plaintiff incurred before filing the complaint, but also any damages that the plaintiff incurs up to the time of trial."); *see also Marquardt v. Starcraft Marine*, 876 F.2d 61, 62 (8th Cir. 1989) (affirming jury award "for general damages to the date of trial").  This result is logical given that the injured plaintiffs do not suffer merely one calendar year of damages, and it is entirely consistent with the long-standing principle that damages are to be determined at trial, not the date a lawsuit is filed.  *See, e.g., Forsythe*, 475 F.Supp.2d at 125-25 ("In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment."); *In re Rent-Way Sec. Lit*., 218 F.R.D. 101, 119 (W.D. Pa. 2003) (aggregated damages are to be determined "at time of trial"); *GE Capital Mort. Servs., Inc. v. Pinnacle Mortgage Inv. Corp*., 897 F. Supp. 854, 872 (E.D. Pa. 1995) ("The exact measure of GE Capital's damages will be calculated at the time of trial.").

Indeed, the damages period for a given Section 36(b) case is actually governed by the date plaintiffs file their complaint: unless a complaint is filed on the exact day a contract expires, every Section 36(b) claim necessarily involves damages relating to compensation paid pursuant to at least two separate advisory contracts.  For example, in this case, the advisory contracts are renewed and become effective on November 1st of each year.  Plfs. SUF ¶ 5/App. at 4, 10, 13, and 18.  As Plaintiffs filed their original complaint on October 28, 2009, the damages period would capture, at a minimum (using defendants' one year scenario for the sake of argument only), the last four days of the preceding contract and all but four days of the contract in effect at the time that the lawsuit was filed.  The only way to avoid involving at least two contractual periods would be to require plaintiffs to file their complaints on the date a particular contract expires, which Congress clearly did not require.

Finally, discovery and the submission of evidence at trial in Section 36(b) cases relating to the period of time following the filing of a complaint are routinely allowed.  *See* Stipulation and Order Regarding Damages Under Section 36(b) of the Investment Company Act of 1940,  *In re American Mutual Funds Fee Litig.*, No. 04–5593, 2009 WL 5215755, at *7-13 (C. D. Cal. Dec. 28, 2009); *Forsythe*, 475 F.Supp.2d at 125; *Hunt*, 2006 WL 1751900, at *1; Order, *Gallus v. American Express Fin. Corp.,* No. 04-4498 (D. Minn., May 30, 2006), ECF No. 134 at p. 15 (attached as Appendix pp. 27-45); *Krinsk v. Fund Asset Mgmt., Inc.*, 715 F.Supp. 472, 475-6 (S.D.N.Y. 1988).  All of these practical realities eliminate any argument that the damages period should be limited to the same year of the advisory contract or even a single year.

## IV.   CONCLUSION

As both the plain language of the statute and the case law support Plaintiffs' position that there is no forward-looking limitation on damages for Section 36(b) claims, Plaintiffs request that the Court grant Plaintiffs' Motion for Partial Summary Judgment.

Dated: February 22, 2013                              Respectfully submitted,


                                                      _/s/Tana Lin_____
                                                      Lynn Lincoln Sarko
                                                      lsarko@kellerrohrback.com
                                                      Michael D. Woerner
                                                      mwoerner@kellerrohrback.com
                                                      Tana Lin(IL Bar No. 6271031)
                                                      tlin@kellerrohrback.com
                                                      Laura R. Gerber
                                                      lgerber@kellerrohrback.com
                                                      KELLER ROHRBACK L.L.P.
                                                      1201 Third Avenue, Suite 3200
                                                      Seattle, WA  98101
                                                      Tel: (206) 623-1900
                                                      Fax: (206) 623-3384

                                                      David H. Goldman
                                                      dgoldman@babichgoldman.com
                                                      Michael J. Carroll
                                                      mcarroll@babichgoldman.com
                                                      Kodi A. Brotherson
                                                      kbrotherson@babichgoldman.com
                                                      BABICH GOLDMAN, P.C.
                                                      501 SW 7th Street, Suite J
                                                      Des Moines, Iowa  50309-4537
                                                      Tel:  (515) 244-4300
                                                      Fax:  (515) 244-2650

                                                      *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2013, a copy of the foregoing PLAINTIFFS'

MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY

JUDGMENT was filed electronically. Notice of the filing will be sent to all parties by operation

of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Erica J. Knerr
Erica J. Knerr, Legal Assistant