UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUDITH CURRAN and MICHAEL EARP, for the use and benefit of the Principal Funds, Inc. Strategic Asset Management (SAM) Balanced Portfolio, Principal SAM Strategic Growth Portfolio, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PRINCIPAL MANAGEMENT CORPORATION and PRINCIPAL FUNDS DISTRIBUTOR, INC. <br><br> Defendants. | Case No. 4:09-cv-00433-RP-CFB <br><br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Principal Management Corporation ("PMC") and Principal Funds Distributor, Inc. ("PFD") (collectively, "Defendants"), by their undersigned counsel, respectfully submit this opposition to Plaintiffs' Motion for Partial Summary Judgment (the "Motion").

Plaintiffs' Motion requests the Court to provide an expansive interpretation regarding the damages provision in Section 36(b)(3) of the Investment Company Act of 1940 ("ICA"), which states, in relevant part: "No award of damages shall be recoverable for any period prior to one year before the action was instituted." Specifically, Plaintiffs assert that "[t]his Court [] should adhere to the plain language of the statute and allow Plaintiffs to recover damages from October 28, 2008 (one year prior to the filing of the original complaint on October 29, 2009) continuing through the date of trial." Plaintiffs' Mem. of Law in Supp. of their Mot. for Partial Summ. J. (Dkt. No. 106-1) at 1-2. Thus, Plaintiffs seek an order from the Court that, in the event they are successful at trial, they should be permitted to recover damages for each of the four one-year periods that are already covered by their complaint and three anniversary complaints (*i.e.*, October 28, 2008 through October 28, 2012), as well as the partial period of October 28, 2012 through trial, which is not covered by any complaint.

With respect to the each of four one-year periods that are already covered by Plaintiffs' complaint and three anniversary complaints (*i.e.*, October 2008-October 2012), the relief sought by Plaintiffs is moot. Plaintiffs filed these four complaints in succession to preserve their rights concerning those four one-year periods, which thereby obviates the need for the Court to rule on this Motion for this time period. *See* Defendants' Statement of Additional Material Facts ("SAF") at ¶ 4. Thus, the relief Plaintiffs seek for this time period is plainly moot.

Further, for the entire period in which Plaintiffs seek damages – October 2008 through trial – Defendants do not disagree that Plaintiffs will be entitled to *seek* some form of damages in the event that they are able to satisfy their very significant burden at trial and prove that Defendants breached their fiduciary obligations to the SAM Funds during *each particular contract year*. *Jones v. Harris Assocs. L.P.*, 130 S. Ct. 1418, 1426 (2010) (plaintiff must prove that, on annual basis, Defendants' compensation was "so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining"). However, to the extent Plaintiffs do not prove any breach during a particular contract year, Plaintiffs cannot "recover" damages for that particular contract year.

The reason is quite plain: the ICA requires a mutual fund's board of directors to "review and approve the contracts of the investment adviser annually." *Jones*, 130 S. Ct. at 1423 (quoting *Burks v. Lasker*, 441 U.S. 471, 483 (1979)); *accord* 15 U.S.C. 80a-15(a) (contract with investment adviser must be "specifically approved at least annually by the board of directors"). In other words, a board's approval of contracts for one particular year cannot satisfy its prospective obligations to approve contracts in subsequent years. As explained in one of Plaintiffs' citations:

> To say that damages accruing after the commencement of the action *can* be proved does not mean that any permitted damages *will* be proved. Changes from year to year in contract terms, the compensation actually paid, and perhaps even broader economic or market conditions, could mean that a defendant might be found to have violated a fiduciary duty in one year but not the next. It is by no means automatic that proof of a breach and damages for the year preceding the

    filing of the complaint guarantees a finding of breach and damages for ensuing periods.

*Forsythe v. Sun Life Fin., Inc*. 475 F. Supp. 2d 122, 125 (D. Mass. 2007) (emphasis in original); *accord Gallus v. Ameriprise Fin., Inc.*, 561 F.3d 816, 825 (8th Cir. 2009), *vacated*, 130 S. Ct. 2340 (2010), *district court opinion reinstated on remand*, 2010 WL 5137419 (D. Minn. Dec. 10, 2010), *aff'd*, 675 F.3d 1173 (8th Cir. 2012); ("annual recurrence of fee negotiation makes it less likely that the same conduct will cause damage over successive years"). Thus, to the extent an advisor is found to have breached its fiduciary obligations with respect to its compensation during a particular contract year, a plaintiff may recover damages for that contract year. But to the extent that plaintiffs request in advance a declaration of a right to "recover" for all four years if they demonstrate a breach for any one, that is improper. [1]

    Finally, it bears noting that much of Plaintiffs' argument amounts to an improper request that the Court make a policy determination regarding Section 36(b) of the ICA, notwithstanding mootness. *See* Dkt. No. 106-1 at 2 (urging the court to decide this issue because "other potential plaintiffs in Section 36(b) cases will be left in a conundrum of having to file a new complaint each year on the anniversary of the commencement of the lawsuit or risk foregoing damages for the period after they file suit"), *id*. at 4-5 ("The practical end result of deeming Defendant's Tenth Affirmative Defense meritorious will be an unnecessary inundation of the courts with identical lawsuits alleging ongoing violations of the same nature that would then have to be consolidated for trial, or separately tried—in either case, an extremely inefficient process. Bogging down the federal courts with needless case filings could not be the result that Congress

---

[1] Two days before Plaintiffs filed this Motion, Plaintiffs informed Defendants that they intended to "ask the court to apply res judicata with respect to the contracts approved during the 2011 and 2012 renewal process." SAF ¶ 7; 2/20/2013 Email from Tana Lin to Mark Blocker at OA1. Plaintiffs had previously expressed a desire to "preserve [their] claims for any contracts beginning November 1, 2011 through the time of trial." SAF ¶ 8; 6/17/2011 Letter from Tana Lin to Mark Blocker and Sarah Newman at OA5. Based on the authority, above, Plaintiffs must prove a breach for each year in which they have asserted claims, and cannot simply ask the court to "apply res judicata." Moreover, only limited discovery was taken for the period following September 30, 2011, and none was taken for the period following October 28, 2012. *See* SAF ¶ 9; 4/12/2012 Email chain between Sarah Newman and Tana Lin at OA6-8.

intended."). Plaintiffs' request for the Court to make a policy determination is inappropriate. Courts are "vested with the authority to interpret the law[, but] possess neither the expertise nor the prerogative to make policy judgments. Those decisions are entrusted to our Nation's elected leaders, who can be thrown out of office if the people disagree with them." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2579 (2012). Thus, the Motion should be denied to the extent Plaintiffs seek a policy determination from the Court regarding future, unrelated litigation.

Accordingly, Defendants respectfully submit that the Court should (i) deny Plaintiffs' Motion as moot with respect to the October 28, 2008 through October 28, 2012 period; (ii) order that Plaintiffs cannot recover damages for any contract year in which Plaintiffs fail to prove that Defendants breached their fiduciary obligations under the ICA for that particular contract year; and (iii) deny Plaintiffs' Motion inasmuch as it seeks an improper policy determination.

Dated: March 22, 2013                          Respectfully submitted,

  /s/ Mark B. Blocker

A. Robert Pietrzak
rpietrzak@sidley.com
Andrew W. Stern
astern@sidley.com
Alex. J. Kaplan
ajkaplan@sidley.com
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

David F. Graham
dgraham@sidley.com
Mark B. Blocker
mblocker@sidley.com
Sarah H. Newman
snewman@sidley.com
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-6097
Facsimile: (312) 853-7036

Brian L. Campbell
Campbell@whitfieldlaw.com
WHITFIELD & EDDY P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-8002
Telephone:  (515) 246-5503
Facsimile:  (515) 246-1474

*Counsel for Defendants Principal Management Corporation and Principal Funds Distributor, Inc.*

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 22, 2013, I caused the foregoing Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment to be electronically filed under seal with the Clerk of Court using the CM/ECF system. A copy of this filing will be served on all parties via electronic mail.

SIDLEY AUSTIN LLP

By /s/ Mark Blocker
Mark Blocker
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-6097
Facsimile: (312) 853-7036